IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AHTNA DESIGN-BUILD, INC., an Alaska corporation, | |
| Plaintiff, | Case No. 3:21-cv-00228-JMK |
| vs. | **ORDER DENYING DEFENDANTS'**<br>**MOTION TO DISMISS AND**<br>**MOTION TO TRANSFER** |
| ASPHALT SURFACING, INC., a California corporation, and UNITED FIRE & CASUALTY COMPANY Bond No. 54-197210, | |
| Defendants. | |

Pending before the Court at Docket 17 is Defendants Asphalt Surfacing, Inc. ("ASI"), and United Fire & Casualty Company Bond No. 54-197210's ("UFCC," and together with ASI, "Defendants") *Motion to Dismiss or Transfer for Lack of Personal Jurisdiction/Invalid Venue or for Forum Non Conveniens* the (the "Motion"). Plaintiff Ahtna Design-Build, Inc. ("ADB") responded in opposition at Docket 20. Defendants replied at Docket 24. For the forthcoming reasons, Defendants' Motion is DENIED.

# I.  FACTUAL HISTORY

## A.      The Parties

ADB is a corporation that provides construction and engineering services and is headquartered and incorporated in Alaska, with offices in California.[1]  ADB is a wholly owned subsidiary of Ahtna Netiye', LLC, which in turn is a wholly owned subsidiary of Ahtna, Inc., an Alaska Regional Native Corporation.[2]  ADB is the prime contractor for a contract (the "Prime Contract") with the United States Army Mission Installation Contracting Command–Fort McCoy.[3]  One task order of the Prime Contract requested maintenance of asphalt roads at Fort Hunter Liggett in California (the "Project").[4]  The Project involved resurfacing approximately 750,000 square feet of asphalt.[5]

ASI is a paving contractor incorporated and headquartered in California.[6] ADB and ASI entered into a Subcontract for Construction Services (the "Subcontract"), in which ASI agreed to perform the Project work for the price of $1,108,107.29.[7]  The terms of the Subcontract required ASI to secure a performance bond in the amount of the

---

[1]  Docket 1 at 3.
[2]  Docket 20 at 3.
[3]  Docket 1 at 3.
[4]  *Id.*
[5]  *Id.*
[6]  *Id.*; Docket 9 at 2.
[7]  Docket 1 at 3–4.

Subcontract price.[8]  ASI did so by securing a bond through UFCC, an Iowa corporation.[9]

UFCC Bond No. 54-197210 (the "Bond") lists ADB as the "Owner" of the Bond.[10]

## B.    The Subcontract and the Bond

Relevant to the present motion, the Subcontract contains a forum selection

clause, which states:

> Any controversy or claim arising out of or relating to this Agreement, or the breach of the same, shall be settled through consultation and negotiation in good faith and a spirit of mutual cooperation.  However, if those attempts fail after thirty (30) days, or longer, if the parties mutually agree in writing, the parties agree that any misunderstandings or disputes arising from this Agreement shall be resolved by a court of competent jurisdiction located in Anchorage Alaska, without regard to its choice of law and venue rules.  The parties hereby agree to venue and personal jurisdiction in Alaska.[11]

The Bond contains its own forum selection clause, which reads:

> Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after a declaration of Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.[12]

---

[8]  *Id.* at 4.
[9]  Docket 1 at 2; Docket 9 at 2.
[10]  Docket 17-5 at 1; Docket 20-5 at 1.  The Court notes that the Bond is sometimes referred to as Bond No. 54197228.  *See* Docket 9 at 2; Docket 17-14 at 2; Docket 17-5 at 1.  The parties do not address this discrepancy in their briefing.
[11]  Docket 17-4 at 6; Docket 20-3 at 6.
[12]  Docket 17-5 at 3; Docket 20-5 at 3.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                          Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                          Page 3
Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 3 of 28

The Bond also has a provision that incorporates the entirety of the Subcontract by reference, stating, "[t]he Contractor [(ASI)] and Surety [(UFCC)], jointly and severally, bind themselves . . . to the Owner [(ADB)] for the performance of the Construction Contract [(the Subcontract)], which is incorporated herein by reference."[13]

## C.    The Dispute

ADB alleges that, both during the Project work and afterwards, it noticed defects in ASI's performance under the Subcontract, including cosmetic problems, unexpected damage to the newly paved road surface caused by vehicle traffic, and defects in the application of thermoplastic lines and signage.[14]  In February 2021, ADB and ASI discussed ASI's alleged defective performance, but the parties could not come to an agreement regarding the scope of the corrective work needed on the Project.[15]  On April 19, 2021, ADB provided ASI with a written notice (the "Notice") that it had defaulted on its obligations under the Subcontract by failing to perform the work according to the Subcontract specifications and "with the skill and care reasonably expected for that type of work."[16]  The Notice identified eight defects in ASI's performance that needed remediation and gave ASI fourteen days to submit a plan to perform all of the remediation work.[17]  Following the Notice, ADB and ASI again failed to agree on a remediation plan.[18]  On May 12, 2021, ADB contacted UFCC and submitted a formal claim on the Bond, indicating

---

[13] Docket 17-5 at 2; Docket 20-5 at 2.
[14] Docket 1 at 4.
[15] *Id.* at 4–5.
[16] *Id.* at 5.
[17] *Id.* at 5–6.
[18] *Id.* at 6–7.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                                        Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                          Page 4

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 4 of 28

that it intended to declare ASI in default.[19]  UFCC agreed to evaluate the claim and proceeded to investigate and retain experts for third-party analyses of ASI's work.[20]

ADB alleges that the United States Government informed ADB that it would not process payment for the Project due to the defects that ADB identified in its Notice.[21] After several other unsuccessful attempts to reach a resolution regarding an appropriate remediation plan, ADB gave ASI notice that its performance under the Subcontract was terminated due to ASI's default of its performance obligations.[22]  ADB informed UFCC of ASI's termination and demanded that UFCC complete the Project work.[23]  UFCC refused, arguing that it had no remaining obligations to ADB.[24]  ADB then informed UFCC it was in default of its Bond obligations.[25]  ASI and UFCC deny the allegations of defective work.[26]  They admit there were cosmetic issues that needed resolution, but argue these issues were adequately addressed by ASI's proposed remediation plan, which was wrongfully rejected by ADB.[27]

## II.  PROCEDURAL HISTORY

ADB brought this lawsuit against ASI and UFCC on October 14, 2021, asserting claims for breach of contract, breach of the implied warranty of good faith and fair dealing, a claim against the Bond, performance bond bad faith, and a violation of the

---

[19] *Id.* at 7.
[20] *Id.*
[21] *Id.*
[22] *Id.* at 8.
[23] *Id.*
[24] *Id.*
[25] *Id.* at 9.
[26] Docket 9 at 5; Docket 17 at 4.
[27] Docket 9 at 5; Docket 17 at 4–5.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                                    Page 5

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 5 of 28

Alaska Unfair Trade Practices and Consumer Protection Act.[28]  Defendants filed an

Answer on November 22, 2021, asserting counterclaims for breach of an express and

implied contract.[29]

On November 3, 2021, ASI filed a separate action against ADB and Great

American Insurance Group ("Great American") in the Northern District of California,

San Jose (the "California Action").[30]  The California Action involves claims for breach of

the Subcontract against ADB and for recovery on a Miller Act bond against ADB and Great

American, ABD's surety under the performance bond ADB secured pursuant to the terms

of the Prime Contract.[31]  On November 23, 2021, ADB filed a *Motion to Dismiss, Transfer*

*or Stay* in the California Action.  The Northern District of California issued a decision on

ADB's motion on January 26, 2022, finding that the forum selection clause in the

Subcontract overrode the Miller Act's venue provision and that it was appropriate to stay

the California Action under the first-to-file rule.[32]

On February 22, 2022, Defendants filed the present motion, requesting that

the Court either dismiss this action or use its discretion to transfer this case to the Northern

District of California.[33]  On July 8, 2022, after reviewing the briefing on the present motion,

this Court became concerned that it lacked subject-matter jurisdiction over this action and

sua sponte issued an Order to Show Cause that complete diversity exists here.[34]  In

---

[28] Docket 1 at 9–12.
[29] *See generally* Docket 9.
[30] *See generally* Docket 17-9; Docket 20-1.
[31] Docket 17-9 at 2–6; Docket 20-1 at 2–6.
[32] Docket 17-10 at 3–5; Docket 20-6 at 3–5.
[33] Docket 17 at 1–2.
[34] Docket 25 at 7.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                    Page 6

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 6 of 28

response, ADB provided evidence supporting its allegations of citizenship for diversity purposes.[35]  On August 1, 2022, the Court issued an Order finding that ADB's principal place of business is in Anchorage, Alaska, and, consequently, the Court has subject-matter jurisdiction over this action.[36]  As issues regarding subject-matter jurisdiction were resolved in the Court's prior Order, the Court will not address subject-matter jurisdiction herein.

### III.   DISCUSSION

Defendants now move to (1) dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (2) dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3); or (3) transfer the case to California "[f]or the convenience of parties and witnesses" and "in the interest of justice" pursuant to 28 U.S.C. § 1404(a).  The Court addresses each of these requests below, beginning with the threshold issues of the applicability and enforceability of the forum selection clause contained in the Subcontract.  The Court then addresses Defendants' Motion to Transfer and, finally, Defendants' Motion to Dismiss.

### A.    The Forum Selection Clause

### 1.    Applicability of the forum selection clause

The Court first must assess whether the forum selection clause in the Subcontract applies to the claims and parties involved in this litigation.  Neither party disputes that this suit is a "misunderstanding[] or dispute[] arising from [the

---

[35] *See generally* Docket 26; Docket 27; Docket 28.
[36] Docket 29 at 6.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                            Page 7

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 7 of 28

Subcontract].”[37]  As such, this suit comes within the purview of the forum selection clause in the Subcontract.

The next question is which parties are bound by the Subcontract's forum selection clause.  Defendants originally argued that the Court must analyze the forum selection clauses in the Subcontract and the Bond individually because the Subcontract does not bind UFCC, which is not a party to that agreement.[38]  Defendants further argued that, even if UFCC is bound by the Subcontract's forum selection clause, the forum selection clause in the Bond "conflicts" with the forum selection clause in the Subcontract and "[c]ourts have refused to enforce a forum-selection clause if there are conflicting forum-selection clauses at issue."[39]  ADB responded by asserting that the Bond specifically incorporated the Subcontract by reference and therefore UFCC, as a party to the Bond, is bound by the Subcontract's forum selection clause.[40]  In reply, Defendants conceded that UFCC is bound by the forum selection clause in the Subcontract by virtue of the incorporation by reference provision in the Bond.[41]

The Court agrees that UFCC is bound by the Subcontract's terms.  The Court also discerns no conflict between the Bond's forum selection clause and the Subcontract's forum selection clause.[42]  As discussed further below, the Subcontract uses mandatory

---

[37] Docket 17-4 at 9; Docket 20-3 at 6.
[38] Docket 17 at 16–17.
[39] *Id.* at 27–28.
[40] Docket 20 at 4, 14–16.
[41] Docket 24 at 13.
[42] *See Swank Enterprises, Inc. v. NGM Ins. Co*., No. CV 19-200-M-DLC, 2020 WL 1139607, at *2 (D. Mont. Mar. 9, 2020) ("[T]here is no conflict between the bond and the underlying contract, and so the forum-selection clause of the underlying contract applies to the beneficiary's suit against the surety.').

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*
Order Denying Motion to Dismiss and Motion to Transfer

Case No. 3:21-cv-00228-JMK
Page 8

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 8 of 28

language, *i.e.*, "the parties agree that any misunderstandings or disputes arising from this Agreement *shall* be resolved by a court of competent jurisdiction located in Anchorage Alaska,"[43] whereas the Bond uses permissive language, *i.e.*, "[a]ny proceeding . . . under this Bond *may* be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located . . . ."[44] The clauses therefore are reconcilable; the Subcontract's forum selection clause requires the parties to litigate in this Court, while the Bond's forum selection clause merely permits litigation in California.[45] The Court finds that the Subcontract's mandatory forum selection clause is controlling and binds both ASI and UFCC.[46]

## 2. Enforceability of the forum selection clause

The Court next must determine whether the forum selection clause in the Subcontract is valid and enforceable. The enforcement and interpretation of forum selection clauses is governed by federal law in diversity cases.[47] Under federal law, forum selection clauses are "presumptively valid" and "should be honored 'absent some

---

[43] Docket 17-4 at 6; Docket 20-3 at 6 (emphasis added).

[44] Docket 17-5 at 3 (emphasis added); Docket 20-5 at 3 (emphasis added).

[45] Other courts that have addressed the issue of "a party who is bound by two forum-selection clauses, one of which is a permissive clause that allows litigation to be brought in Forum A or Forum B, and the other of which is a mandatory clause that requires litigation to be brought in Forum A" have come to the same conclusion. *Granite Re, Inc. v. N. Lines Contracting, Inc.*, 478 F. Supp. 3d 772, 778–80 (D. Minn. 2020) (collecting cases). In fact, the *Granite Re* court interpreted forum selection clauses with language very similar to those at issue in this litigation. *See id.* at 777. While not binding, the Court finds *Granite Re*, and the cases cited therein, persuasive.

[46] The Court addresses UFCC and ASI together as "Defendants" for the remainder of this Order.

[47] *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                     Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                         Page 9

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 9 of 28

compelling and countervailing reason.'"[48]   The Supreme Court has articulated three grounds for invalidating a forum selection clause:  (1) the clause was included in the contract due to "fraud or overreaching"; (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision"; or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of [his or her] day in court" (together, the "*Bremen* factors" or "*Bremen* test").[49]   The party seeking to avoid a forum selection clause "bears a 'heavy burden' of establishing the existence of one of the aforementioned grounds for rejecting its enforcement."[50]   Here, Defendants do not clearly argue that the forum selection clause was included in the contract due to fraud or overreaching.[51]   Thus, only the final two *Bremen* factors are at issue.

### (a)   Strong public policy of the forum state

The Ninth Circuit has held that "satisfaction of *Bremen*'s public policy factor continues to suffice to render [a] forum-selection clause unenforceable."[52]   Here, the parties

---

[48]  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12 (1972)).

[49]  *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *Bremen*, 407 U.S. at 15).

[50]  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000) (quoting *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1997)).

[51]  Overreaching includes conduct involving "undue influence" or "overweening bargaining power."  *Tanious v. Landstar Sys., Inc.*, No. CV 19-1067 DSF (SHKx), 2020 WL 3166610, at *4 (C.D. Cal. June 15, 2020).  While Defendants use the term "overreaching" in their Motion, they do not present any evidence that the forum selection clause was included in the Subcontract because of undue influence, overweening bargaining power, or similar conduct.  *See* Docket 17 at 27.  The Court therefore does not address the first *Bremen* factor.

[52]  *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 916 (9th Cir. 2019).

---

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                        Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                        Page 10

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 10 of 28

disagree as to which state's public policy the Court should consider for this factor.[53] *Bremen* instructs the Court to consider the "strong public policy *of the forum in which the suit is brought*," which in this case is Alaska.[54] However, Defendants argue that the Court should take into account the public policy of California, their preferred forum.[55] In support of this proposition, Defendants cite to *Salesforce.com v. GEA*,[56] decided in the Northern District of California and not binding on this Court, which considered the public policy of a non-forum state.[57] *Salesforce.com v. GEA*, like this case, involved the unusual situation where a party seeks to avoid a forum selection clause through dismissal or transfer (an "inbound forum selection clause"), as opposed to the typical situation where a party seeks to enforce the forum selection clause by transferring the case to the contractually selected forum (an "outbound forum selection clause").[58] Finding that consideration of the non-forum state's public policy was appropriate, the Northern District of California reasoned that the *Bremen* test was articulated in contemplation of the typical outbound forum selection clause situation and "it would seem odd to focus on the policies of the state already designated by the contract, as it is unlikely that the state has a policy against the exercise of its own jurisdiction."[59] While other courts within this district have considered only the public policy of the forum state when analyzing an inbound forum selection

---

[53] *See* Docket 17 at 22–27; *see* Docket 20 at 23–25.
[54] *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972) (emphasis added).
[55] *See* Docket 17 at 22–23.
[56] *Salesforce.com, Inc. v. GEA, Inc.*, No. 19-cv-01710-JST, 2019 WL 3804704, at *5 (N.D. Cal. Aug. 13, 2019).
[57] Docket 17 at 23, 25.
[58] *Salesforce.com*, 2019 WL 3804704, at *5.
[59] *Id.* at *9.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*          Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer          Page 11

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 11 of 28

clause,[60] this Court is persuaded by the reasoning of *Salesforce.com v. GEA.* Therefore, the Court finds it appropriate to consider the public policy of both Alaska and California.[61] The Court concludes that the forum selection clause in the Subcontract offends neither.

First, Defendants argue that litigating this suit in Alaska offends the public policy of California because Alaska law provides for different remedies than those available under California law.[62] ADB brings a claim under the Alaska Unfair Trade Practices and Consumer Protection Act, which allows for recovery of attorney's fees and costs, treble damages, and punitive damages.[63] Defendants argue that ADB would not be able to bring an equivalent claim under California's consumer protection statute, the California Consumers Legal Remedies Act, which seeks to protect consumers against unlawful practices in non-commercial contexts and which limits the availability of treble damages.[64] Defendants also argue that Alaska law allows parties to recover extracontractual damages for performance bond bad faith, whereas the Supreme Court of California has held that a party suing on a performance bond cannot recover tort damages.[65] In *Cates Construction Inc. v. Talbot Partners*,[66] the Supreme Court of California

---

[60] *See HDOS Franchise Brands, LLC v. El Paso Hot Dog, LLC,* No. 3:21-cv-00201-AJB-BLM, 2021 WL 5629923, at *2 (S.D. Cal. June 29, 2021); *Port of Subs, Inc. v. Tahoe Invs., Inc.,* No. 3:16-CV-00411-LRH-VPC, 2016 WL 6561560, at *3 (D. Nev. Nov. 3, 2016).

[61] *See Lee v. Fisher,* 34 F.4th 777, 782 (9th Cir. 2022) (noting that the non-forum state's law is not "irrelevant" in determining whether a forum selection clause is valid).

[62] *See* Docket 17 at 23–27.

[63] *Id.* at 25.

[64] *Id.* at 26–27.

[65] *See* Docket 17 at 22–23.

[66] 980 P.2d 407, 415–27 (1999) (considering the inclusion of suretyship in the California Insurance Code, policy considerations, and authorities from other states in ruling that performance bond obligees should not be able to recover tort damages in the context of a construction performance bond).

considered public policy reasons as one of a number of justifications for ruling that performance bond obligees may not recover in tort. Although Defendants have established that available remedies differ between Alaska and California, they have failed to show that allowing ADB to pursue remedies that are unavailable under California law offends a strong public policy of California.[67] In the absence of a clearly stated public policy, "the fact that *certain types of remedies* are unavailable in the foreign forum does not [render a forum selection clause unenforceable] if there exists a basically fair court system in that forum that would allow the plaintiff to seek some relief."[68] Thus, only when "the contractually selected forum affords [a party] no remedies whatsoever" will a forum selection clause be invalidated due to a difference of remedies between fora.[69] Defendants do not argue they will be deprived of relief in Alaska. Therefore, simply describing the differences in available relief between California and Alaska does not suffice to carry Defendants' heavy burden of proving that the forum selection clause in the Subcontract offends a strong public policy of California.

Second, Defendants argue that "[i]t is the public policy of Alaska not to enforce contract clauses, including forum selection clauses that are unconscionable as against public policy."[70] Defendants cite to *Nunez v. American Seafoods*,[71] in which the

---

[67] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1090 (9th Cir. 2018) (The party seeking nonenforcement of a forum selection clause "must point to a statute or judicial decision that clearly states . . . a strong public policy.").

[68] *Id.* at 1092 (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 774 (5th Cir. 2016)).

[69] *See id.* at 1091–92.

[70] Docket 24 at 6.

[71] 52 P.3d 720, 722–24 (Alaska 2002).

Supreme Court of Alaska found a forum selection clause void because it violated federal law by limiting the plaintiff's right to bring suit in any eligible forum under the Jones Act. Defendants also cite to *Pavone v. Pavone*,[72] in which the Supreme Court of Alaska refused to enforce an oral agreement because it violated an Alaska statute, Alaska Stat. § 16.43.150(g)(2). Based on these two cases, Defendants assert that it is Alaska's public policy not to enforce forum selection clauses that "violate specific statutes" and, because the forum selection clause in the Subcontract violates California Civil Code of Procedure § 410.42,[73] it is unenforceable.[74] But neither *Pavone,* in which the court applied Alaska law and found that a contract violated an Alaska statute, nor *Nunez,* in which the court applied federal admiralty law and found that a forum selection clause violated federal law, stands for this proposition. Defendants have not carried their burden in showing that Alaska has a strong public policy against enforcing contract clauses that violate another state's law.

Finally, the Court notes that Defendants do not argue that the Subcontract's forum selection clause should not be enforced because it violates *California*'s public policy embodied in California Civil Code of Procedure § 410.42; instead, they insist that a purported violation of § 410.42 violates *Alaska's* public policy. As such, Defendants have

---

[72] 860 P.2d 1228, 1231 (Alaska 1993).

[73] California Civil Code of Procedure § 410.42 reads in relevant part: "The following provisions of a contract between the contractor and a subcontractor with principal offices in this state, for the construction of a public or private work of improvement in this state, shall be void and unenforceable: (1) A provision which purports to require any dispute between the parties to be litigated, arbitrated, or otherwise determined outside this state."

[74] Docket 24 at 7.

not carried their burden of demonstrating that § 410.42 applies here[75] and represents a strong public policy of California. The two federal courts that have considered § 410.42 in the context of forum selection clauses have held that § 410.42 does not preclude enforcement of the forum selection clause at issue.[76] Further, many states have similar statutes voiding forum selection clauses requiring construction disputes to be adjudicated outside the state where the project is located.[77] In *Gemini Technologies, Inc. v. Smith & Wesson Corp.*,[78] the Ninth Circuit emphasized that only four states had statutes similar to the one at issue and thus "successful public policy challenges to forum-selection clauses based on statutes similar to Idaho's are bound to be far from routine."[79] Invalidating the forum selection clause here would run contrary to this principle.

---

[75] Defendants have not established that this statute is applicable to this case, where the construction work was performed on a United States Army base. In a part of the opinion that was not appealed, the lower court in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), analyzed a Texas statute similar to Cal. Civ. Proc. Code § 410.42. *See United States ex rel. J-Crew Mgmt., Inc. v. Atl. Marine Const. Co.*, No. A-12-CV-228-LY, 2012 WL 8499879, at *3 (W.D. Tex. Aug. 6, 2012). The Court found that the Texas statute did not apply to the subcontract at issue because the construction project was contained entirely within a "federal enclave," *i.e.*, Fort Hood in Killeen, Texas, and therefore the project did not come within the purview of the statute for construction projects "located in this state." *Id.* It therefore is unclear to this Court whether the construction project here, which took place at Fort Hunter Liggett would be considered construction that occurred "in this state, [California]" under Cal. Civ. Proc. Code § 410.42.

[76] *See Audeamus Inc. v. Baxter Constr. Co., Inc.*, No. 1:20-cv-01333 JLT SKO, 2022 WL 605407, at *5 (E.D. Cal. Mar. 1, 2022); *Scott Co. of California v. U.S. Eng'g Co.*, No. C 94-1963 FMS, 1994 WL 519493, at *5 (N.D. Cal. Sept. 19, 1994).

[77] *Presidential Hosp., LLC v. Wyndham Hotel Grp., LLC*, 333 F. Supp. 3d 1179, 1230 (D.N.M. 2018) (collecting statutes).

[78] 931 F.3d 911 (9th Cir. 2019).

[79] *Id.* at 916.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                    Page 15

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 15 of 28

### (b)     Depriving defendants of their day in court

The third *Bremen* factor asks whether "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his [or her] day in court."[80]  The Ninth Circuit has noted that this factor "is difficult to satisfy."[81]  Defendants argue that litigating in Alaska would be inconvenient and expensive because witnesses will have to fly to Alaska from California and will require lodging.[82]  Defendants assert that "forcing a trial in Alaska means requiring ASI/UFCC to choose between trial by deposition, at a lower cost, and trial with live witnesses, which would involve air fare, hotels, meals and transportation."[83]

However, "the Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 64 (2013), 'appears to foreclose this court's consideration of such convenience-based arguments.'"[84]  The inconveniences Defendants cite were entirely foreseeable at the time of the Subcontract's formation.  As in *Atlantic Marine,* when Defendants entered into a contract agreeing to litigate all disputes in Alaska, they "knew that a distant forum might hinder [their] ability to call certain witnesses and might impose other burdens on [their]

---

[80] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972).
[81] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1091 (9th Cir. 2018).
[82] *See* Docket 17 at 20–22.
[83] *Id.*
[84] *Radiant Glob. Logistics, Inc. v. Drummond*, No. C18-1063JLR, 2018 WL 5276581, at *6 (W.D. Wash. Oct. 24, 2018) (quoting *Baga v. ePlus Tech., Inc.*, No. C17-693 TSZ, 2017 WL 2774088, at *3 (W.D. Wash. June 27, 2017)).

litigation efforts," they "nevertheless promised to resolve disputes in [Alaska] and the District Court should not give any weight to [their] current claims of inconvenience."[85]

Even if the Court were to consider Defendants' convenience arguments, the Court would not find that the inconvenience of litigating in Alaska amounted to a deprivation of Defendants' day in court. While Defendants have submitted evidence that litigating in Alaska would be more expensive than in California, they have not submitted evidence suggesting that they would be unable to pay these additional expenses, or that their witnesses would be unable to travel. Defendants also do not argue that they would be unable to obtain any relief in an Alaskan court. "[I]t is well-settled that mere inconvenience premised on the additional expense of litigating in the designated forum is insufficient to rise to the level of depriving one of one's day in court."[86] Accordingly, the Court finds that enforcement of the Subcontract's forum selection clause does not render litigation in Alaska "impossible as a practical matter."[87]

In sum, applying the *Bremen* factors, the Court finds that the forum selection clause in the Subcontract is valid and enforceable.

## B. Motion to Transfer

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Ordinarily, a motion to transfer

---

[85] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 67 (2013).
[86] *Am. Guard Servs., Inc. v. Mgmt. Info. Tech. Corp.*, No. CV 11-3525 RSWL (MRWx), 2011 WL 2940407, at *2 (C.D. Cal. July 21, 2011) (collecting cases).
[87] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1092 n.9 (9th Cir. 2018).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                        Page 17

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 17 of 28

venue under § 1404(a) requires the court to consider various private and public interest factors.[88]  However, in *Atlantic Marine*, the Supreme Court held that if a valid, enforceable forum selection clause is present, the court "should not consider arguments about the parties' private interests."[89]  This is because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."[90]  The practical result of this adjusted analysis is that "forum-selection clauses should control except in unusual cases" because the public-interest factors will "rarely" outweigh enforcement of a forum selection clause.[91]

The *Atlantic Marine* Court did not distinguish between mandatory and permissive forum selection clauses.  However, courts within the Ninth Circuit historically have made this distinction and "have generally held that *Atlantic Marine* applies only to mandatory forum selection clauses and therefore motions to transfer on the basis of a permissive selection clause should continue to be evaluated by weighing the relevant private and public interest factors."[92]  Therefore, in evaluating Defendants' Motion to Transfer, the Court first interprets the Subcontract's forum selection clause to determine

---

[88]  *Atlantic Marine*, 571 U.S. at 62.
[89]  *Id.* at 64.
[90]  *Id.*
[91]  *Id.*
[92]  *Mitchell v. 1Force Gov't Sols.*, *LLC*, No. CV 18-7612 PSG (Skx), 2018 WL 6977476, at *4 (C.D. Cal. Nov. 29, 2018) (collecting cases); *see also Saccani Distrib. Co. v. Clean Cause, Inc.*, No. 2:20-cv-01498-TLN-DB, 2021 WL 3883879, at *2–3 (E.D. Cal. Aug. 31, 2021); *Cooley v. Target Corp.*, No. SA CV 20-00876-DOC-JDE, 2020 WL 7230985, at *2–3 (C.D. Cal. Oct. 12, 2020).

whether it is mandatory or permissive and then weighs the appropriate factors under *Atlantic Marine*.

### 1. Mandatory or permissive

Federal courts interpreting forum selection clauses look "for guidance 'to general principles for interpreting contracts.'"[93] Contract terms are given their "ordinary meaning, and when the terms of the contract are clear, the intent of the parties must be ascertained from the contract itself."[94] A forum selection clause is permissive when "it merely shows that the parties have consented to jurisdiction in a particular locale, but does not preclude litigation elsewhere."[95] By contrast, a forum selection clause is mandatory when it uses language "indicating the parties' intent to make jurisdiction exclusive."[96]

As discussed above, the Court finds that the forum selection clause in the Subcontract is mandatory. The language "*any* misunderstandings or disputes arising from this Agreement *shall be resolved* by a court of competent jurisdiction located in Anchorage Alaska, without regard to its choice of law and venue rules" evinces an intent to make the parties' forum selection mandatory and exclusive.[97] Furthermore, Courts within this circuit have construed similar language as mandatory.[98] Defendants argue that the Subcontract's

---

[93] *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)).

[94] *Id.*

[95] *Summit Foods, Inc. v. Viking Packaging Techs., Inc.*, No. 3:18-cv-1470-SI, 2018 WL 4690364, at *2 (D. Or. Sept. 28, 2018) (citing *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)).

[96] *See Docksider,* 875 F.2d at 764.

[97] *See* Docket 17-4 at 6 (emphasis added); Docket 20-3 at 6 (emphasis added).

[98] *See Rice Corp. v. Grain Bd. of Iraq,* 430 F. App'x 604, 605 (9th Cir. 2011) ("Paragraph 18 of the parties' contract is necessarily mandatory and exclusive: A dispute that 'shall be settled . . . final[ly] and conclusive[ly]' by an Iraqi court cannot, as a matter of logic, be

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                         Page 19

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 19 of 28

forum selection clause is permissive because "it states *a court* of competent jurisdiction shall resolve disputes [and] . . . does not state that exclusive jurisdiction is vested in a specific court to the exclusion of others."[99] The Court disagrees. The clause places venue in "a court of competent jurisdiction *located in Anchorage Alaska*," not just any court.[100] "Competent jurisdiction" clearly refers to subject-matter jurisdiction, as the next sentence distinguishes personal jurisdiction, providing "[t]he parties hereby agree to venue and personal jurisdiction in Alaska."[101] Therefore, the forum selection clause can most naturally be interpreted as conferring exclusive jurisdiction on the court in Anchorage, Alaska, that has subject-matter jurisdiction over the action.[102] This case falls within this

resolved by any other); *TK Prods., LLC v. Buckley*, No. 3:16-cv-803-SI, 2016 WL 7013470, at *3 (D. Or. Nov. 29, 2016) (Finding the following language mandatory: "[a]ll disputes hereunder shall be resolved in the applicable state or federal courts of Nevada sitting in the county of licensee's county [sic].") (emphasis omitted); *S. Cnty. Pro. Park, Ltd v. Orchard Supply Co. LLC*, No. 5:14-cv-02348-PSG, 2014 WL 3706825, at *2 (N.D. Cal. July 21, 2014) ("Under Ninth Circuit authority, the phrase 'shall be brought' in a forum selection clause makes the clause mandatory."); *Starbuzz Tobacco, Inc. v. Layalina Tobacco Mfg. F.Z.C.*, No. SACV 13-00144-JVS (MLGx), 2013 WL 12131259, at *4 (C.D. Cal. July 31, 2013) ("The second half of the sentence, where the parties agree that any dispute '*shall be resolved* by Dubai Commercial Court,' conveys a clear intent to confer exclusive jurisdiction upon the Dubai Commercial Court . . . . This is mandatory language.").

[99] Docket 17 at 16 (emphasis in original).

[100] Docket 17-4 at 6 (emphasis added); Docket 20-3 at 6 (emphasis added).

[101] Docket 17-4 at 6; Docket 20-3 at 6; *see also Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82 (2017) (interpreting the phrase "a court of competent jurisdiction" as "a reference to a court with an existing source of subject-matter jurisdiction").

[102] *See Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011) ("[W]e hold that a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county."); *Holck v. Bank of New York Mellon Corp.*, 769 F. Supp. 2d 1240, 1254 (D. Haw. 2011) (construing "the dispute will be adjudicated in a court of competent civil jurisdiction sitting in the State whose law governs the terms of the agreement" as mandatory) (emphasis omitted); *Turner v. Thorworks Indus., Inc.*, No. CIVS05-02653WBS KJM, 2006 WL 829142, at *4 (E.D. Cal. Mar. 28, 2006) (construing forum selection clause indicating that litigation "shall be brought in the appropriate state or federal court with jurisdiction over Erie County, Ohio" as mandatory).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                  Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                  Page 20

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 20 of 28

Court's diversity jurisdiction; therefore, the forum selection clause selects this Court as the mandatory forum for disputes arising out of the Subcontract. Finally, contrary to Defendants' suggestion, the Ninth Circuit has made clear that a forum selection clause does not need to contain "express mandatory term[s] such as 'exclusively'" to be mandatory.[103] Guided by general principles of contract interpretation, the Court finds that the forum selection clause in the Subcontract is mandatory.

### 2. Modified 1404(a) analysis

Having concluded that the forum selection clause in the Subcontract is mandatory, the Court next determines whether transfer is appropriate under 28 U.S.C. § 1404(a) using the modified analysis articulated in *Atlantic Marine.*[104] Under *Atlantic Marine*, the party seeking to avoid a forum selection clause bears the burden of showing "that public-interest factors overwhelmingly" favor transfer away from the contractually selected forum.[105] Such factors include, "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law."[106] Here, the public-interest factors weigh in favor of this case remaining in the District of Alaska.

---

[103] *See Docksider, Ltd. v. Sea Tech., Ltd.,* 875 F.2d 762, 763 (9th Cir. 1989).

[104] ADB does not dispute that this case could have been brought in California. As such, § 1404(a) is applicable here.

[105] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 67 (2013).

[106] *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*          Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                           Page 21

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 21 of 28

First, Defendants present no arguments regarding administrative difficulties flowing from court congestion. Therefore, this factor is neutral.[107] Next, there is a local interest in having this case decided in Alaska because ADB is an Alaskan corporation with its principal place of business in Alaska.[108] Further, since ADB is an Alaska-based company, its alleged injury occurred in Alaska.[109] The majority of Defendants' arguments on this point contend that Alaska has no localized interest because ADB's "only connection to Alaska is that it is its state of incorporation" and ADB has "no presence in Alaska."[110] However, this argument was overcome when, in response to this Court's Order to Show Cause, ADB presented competent evidence that its principal place of business or "nerve center" is in Anchorage, Alaska.[111] California undoubtedly also has a localized interest in this case, as the work contemplated by the Subcontract was to be performed in California and one of the Defendants, ASI, is a California citizen.[112] However, this factor "ask[s] only if there is an identifiable local interest in the controversy, not whether another forum

---

[107] *See Jezign Licensing, LLC v. Bebe Stores, Inc.,* No. 20-CV-1064 JLS (AGS), 2021 WL 3034028, at *6 (S.D. Cal. July 19, 2021) (collecting cases and finding this factor neutral because plaintiff made no showing regarding court congestion).

[108] *See Quality Off. Furnishing, Inc. v. Allsteel, Inc.,* No. SA CV 17-0724-DOC (KES), 2017 WL 11662670, at *7 (C.D. Cal. June 23, 2017) (finding Iowa had a local interest in a lawsuit when Defendant's principal place of business was in Iowa); *LT Leasing, Inc. v. NHA Hamburger Assekuranz-Agentur GmbH,* No. 2:14-cv-00716-MCE-EFB, 2015 WL 1622846, at *5 (E.D. Cal. Apr. 10, 2015) (finding "there is a local interest in the lawsuit because Plaintiff is a California corporation with its principal place of business in the Eastern District of California.").

[109] *See R & B Wire Prod., Inc. v. Everstrong Com. Prod., LLC,* No. SACV 18-01751 AG (DFMx), 2019 WL 1069536, at *4 (C.D. Cal. Jan. 3, 2019).

[110] Docket 24 at 14.

[111] *See generally* Docket 26; Docket 27; Docket 28.

[112] *See* Docket 1 at 3–4; Docket 9 at 2.

---

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*
Order Denying Motion to Dismiss and Motion to Transfer

Case No. 3:21-cv-00228-JMK
Page 22

also has an interest."[113]   Accordingly, that another forum has an interest in deciding the

case, "alone does not satisfy [Defendants'] heavy burden."[114]  Finally, ADB brings claims

under common law and Alaska state law and Defendants' counterclaims are common law

claims.[115]  Defendants have not presented any argument explaining how or why California

law should apply here.  Even if California law were to apply, "federal judges routinely

apply the law of a State other than the State in which they sit."[116]  This factor therefore

does not favor transfer.

        In conclusion, Defendants have not carried their heavy burden of

demonstrating that the public-interest factors overwhelmingly favor non-enforcement of

the Subcontract's forum selection clause.  The Court finds that this case does not present

the "extraordinary circumstances" necessary to depart from the parties' contractually

selected forum.[117]   Accordingly, Defendants' Motion to Transfer under 28 U.S.C.

§ 1404(a) is DENIED.

## C.    Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue

        Defendants move to dismiss this case for lack of personal jurisdiction or

improper venue.[118]  ADB argues that the Court should not reach the merits of Defendants'

---

[113] *Bos. Telecomms Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009) (quoting
*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006)).
[114]  *Sandler v. iStockphoto LP*, No. 2:15-cv-03659-SVW-JEM, 2016 WL 871626, at *4
(C.D. Cal. Feb. 5, 2016); *see also Future Foam, Inc. v. FXI, Inc.*, No. SACV 16-312-JLS (RAOx),
2016 WL 11752908, at *11 (C.D. Cal. Apr. 5, 2016).
[115]  *See* Docket 1 at 9–13; Docket 9 at 13–17.
[116]  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).
[117]  *Id.* at 67.
[118]  Docket 17 at 9–15.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                                 Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                                      Page 23

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 23 of 28

Motion to Dismiss because Defendants waived the defenses of personal jurisdiction and venue.[119]  Therefore, the Court first addresses the threshold issue of waiver.

### 1.    Waiver of Defenses

Pursuant to Federal Rule of Civil Procedure 12, improper venue or lack of personal jurisdiction are waived as defenses unless they are raised in a pre-answer motion or an answer.[120]  Here, ADB argues that Defendants have waived their personal jurisdiction and venue defenses by failing to list them as affirmative defenses in their Answer.[121]  Defendants counter that these defenses have been preserved because they were asserted as denials in their Answer.[122]

Improper venue and lack of personal jurisdiction are not among the affirmative defenses listed in Federal Rule of Civil Procedure 8(c).[123]  Therefore, district courts within this circuit "have found that failure to raise [lack of personal jurisdiction or improper venue] as affirmative defenses in an answer does not necessarily waive the opportunity to challenge venue and personal jurisdiction in a post-answer motion, as long as those defenses are raised in some manner in the answer."[124]  In their Answer, Defendants responded to Plaintiff's allegations regarding personal jurisdiction and venue by stating "to the extent an answer is required the allegations . . . are denied."[125]  In another response

---

[119]  Docket 20 at 6–9.
[120]  Fed. R. Civ. P. 12(h), 12(g)(2).
[121]  Docket 20 at 7–8.
[122]  Docket 17 at 8–9; Docket 24 at 3–5.
[123]  *Griffith v. Boll & Branch, LLC,* No. 19cv1551 JM (LL), 2020 WL 532419, at *2 (S.D. Cal. Feb. 3, 2020).
[124]  *See id.* (collecting cases).
[125]  Docket 9 at 2–3.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                        Page 24

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 24 of 28

implicating personal jurisdiction, Defendants "den[ied] that the court has jurisdiction over the matter."[126]  The Court concludes that these responses are sufficient to preserve Defendants' personal jurisdiction and venue defenses.  The Court therefore will reach the merits of Defendants' Motion to Dismiss.

### 2.    Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss a case for lack of personal jurisdiction.  "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[127]  Alaska's long-arm statute "has been construed by the Alaska Supreme Court to 'establish jurisdiction to the maximum extent permitted by due process.'"[128]  "Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[129]  Further, because personal jurisdiction may be waived, "a litigant may give 'express or implied consent to the personal jurisdiction of the court'" without offending due process.[130]  Consent may be manifested through a forum selection clause.[131]  The Ninth Circuit has

---

[126]  *Id.* at 2.

[127]  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)).

[128]  *Clements v. Porch.com, Inc.*, No. 1:20-cv-00003-SLG, 2020 WL 5739591, at *5 (D. Alaska Sept. 24, 2020) (quoting *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F. 2d 1266, 1269 (9th Cir. 1981)).

[129]  *Picot*, 780 F.3d at 1211 (internal quotations omitted) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

[130]  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) (quoting *Ins. Corp. of Ireland v. Campagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)).

[131]  *Id.*  (When "forum-selection provisions have been obtained through 'freely negotiated agreements" and are not 'unreasonable and unjust,' their enforcement does not offend due process.") (citation omitted) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                                    Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                    Page 25

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 25 of 28

held that a forum selection clause "alone [can] confer personal jurisdiction."[132]  Therefore, if the parties have agreed to a valid forum selection clause, that agreement alone evidences consent to personal jurisdiction and "the court need not embark on a 'minimum contacts' analysis . . . ."[133]

As discussed above, the dispute at hand is covered by a forum selection clause that is valid and enforceable.  The forum selection clause in the Subcontract specifically provides that "[t]he parties hereby agree to venue and personal jurisdiction in Alaska."[134]  Therefore, by entering into the Subcontract, ASI consented to personal jurisdiction in the District of Alaska.  UFCC consented to personal jurisdiction by entering into the Bond, which incorporates the Subcontract by reference.[135]  Defendants insist that they lack sufficient contacts with Alaska, such that "plaintiff would be unable, absent the forum selection clause, to establish personal jurisdiction."[136]  This argument is inapposite; consent via a valid forum selection clause confers personal jurisdiction irrespective of the consenting parties' contacts with the contractually selected forum.[137]  The Court therefore DENIES Defendants' Motion to Dismiss for lack of personal jurisdiction.

---

[132] *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406–07 (9th Cir. 1994).

[133] *Marshall Wealth Mgmt. Grp., Inc. v. Santillo*, No. 18-CV-03510-LHK, 2019 WL 79036, at *3 (N.D. Cal. Jan. 2, 2019) (quoting *Craigslist, Inc. v. Kerbel*, No. C-11-3309 EMC, 2012 WL 3166798, at *6 (N.D. Cal. Aug. 2, 2012)).

[134] Docket 17-4 at 6; Docket 20-3 at 6.

[135] *See Dub-L-EE, LLC v. J. Carrizal Gen. Constr., Inc.,* No. 1:21-cv-00624-BRB-JHR, 2021 WL 4972430, at *3 (D.N.M. Oct. 26, 2021) ("[Defendant] also agreed to submit to this Court's jurisdiction by incorporating the Subcontract into their Subcontract Performance Bond."); *see also Granite Re, Inc. v. N. Lines Contracting, Inc.*, 478 F. Supp. 3d 772, 778–80 (D. Minn. 2020).

[136] Docket 17 at 13.

[137] *See Chan*, 39 F.3d at 1406.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*                Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer                                    Page 26

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 26 of 28

### 3. Venue

Defendants also move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).[138]  The question of whether venue is "improper" is governed by 28 U.S.C. § 1391.[139]  Pursuant to 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  Section 1391(c)(2) provides that a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."

As discussed in Section III.C.2. of this Order, both ASI and UFCC are subject to this Court's personal jurisdiction with respect to this action.  Therefore, Defendants are deemed "residents" of this judicial district for venue purposes and venue is proper under § 1391(b)(1).[140]  Defendants' Motion to Dismiss for improper venue is DENIED.

## IV. CONCLUSION

Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is DENIED. Defendants' Motion to Dismiss based on personal jurisdiction or improper venue also is

---

[138]  Docket 17 at 13–15.

[139]  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013); *see also* 28 U.S.C. § 1391(a)(1) ("[T]his section shall govern the venue of all civil actions brought in the district courts of the United States . . . .").

[140]  *See Ward v. Certain Underwriters at Lloyd's of London*, No. 18-cv-07551-JCS, 2019 WL 2076991, at *4 (N.D. Cal. May 10, 2019) ("[E]very court to consider the issue has held that personal jurisdiction even based on waiver is sufficient to establish 'residency' for the purpose of § 1391(c)(2)."); *see also Domen v. Vimeo, Inc.*, No. 8:19-cv-01278-SVW-AFM, 2019 WL 4998782, at *2 (C.D. Cal. Sept. 4, 2019).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*<br>Order Denying Motion to Dismiss and Motion to Transfer

Case No. 3:21-cv-00228-JMK<br>Page 27

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 27 of 28

DENIED.  This action shall remain in the District of Alaska, where personal jurisdiction

and venue is proper according to the forum selection clause in the Subcontract.

      IT IS SO ORDERED this 6th day of September, 2022, at Anchorage, Alaska.


                */s/ Joshua M. Kindred*
                JOSHUA M. KINDRED
                United States District Judge

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc. et al*           Case No. 3:21-cv-00228-JMK
Order Denying Motion to Dismiss and Motion to Transfer           Page 28

Case 3:21-cv-00228-JMK   Document 30   Filed 09/06/22   Page 28 of 28