IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AHTNA DESIGN-BUILD, INC., an
Alaska corporation,

                Plaintiff,

      vs.

ASPHALT SURFACING, INC., a
California corporation, and UNITED
FIRE & CASUALTY COMPANY, Bond
No. 54-197210,

              Defendants.

---

UNITED STATES OF AMERICA
FOR THE USE OF ASPHALT
SURFACING, INC., a California
corporation,

                Plaintiff,

      vs.

AHTNA DESIGN-BUILD, INC., an
Alaska Corporation; GREAT
AMERICAN INSURANCE GROUP,
an Ohio corporation Bond
No. 3348912,

              Defendants.

Case Nos. 3:21-cv-00228-JMK
3:22-cv-00219-JMK
Consolidated


**ORDER REGARDING
PENDING MOTIONS**

Pending before the Court are several motions. At Docket 53, Ahtna Design-Build, Inc. ("Ahtna") moves to file an amended complaint.[1] At Docket 69, Asphalt Surfacing, Inc., on behalf of the United States ("ASI") moves for leave to file its own amended complaint. At Docket 72, Ahtna moves *in limine* to exclude an expert witness's rebuttal report. At Dockets 73 and 74, Ahtna moves for summary judgment with respect its claims, ASI's counterclaims, and ASI's Unfair Trade Practices Act claim. At Docket 75, ASI and United Fire & Casualty Company Bond No. 54-197210 ("UFCC") move for partial summary judgment. And, at Docket 86, ASI moves to strike the Affidavit of Randy Rogers submitted in support of Ahtna's motion for summary judgment. All the motions are fully briefed. The Court took each under advisement without oral argument.

## I. BACKGROUND

The following facts are undisputed unless otherwise noted.

### A. Ahtna Executes a Subcontract with ASI to Perform Road Maintenance Work Specified in a Prime Contract between Ahtna and the United States

This dispute arises from a federal public works contract for roadway maintenance at Fort Hunter Liggett in Monterrey County, California. Ahtna is a construction and engineering corporation headquartered in Alaska with offices in California. In 2020, Ahtna contracted with the U.S. Army ("the United States") to resurface eight asphalt roadways in and around Fort Hunter Liggett.[2] The project, Job Order Contract #W911 SA-18-D-2002, consisted of removing existing pavement

---

[1] The docket numbers referenced herein are associated with Case No. 3:21-cv-00228, the lead case in these consolidated matters.

[2] *See* Docket 73-2 (containing eight scopes of work for eight separate roadways).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions Page 2 of 61

Case 3:21-cv-00228-JMK Document 96 Filed 02/07/24 Page 2 of 61

markings, cleaning and preparing specified roadways, mitigating existing cracks, removing and replacing damaged pavement, and applying a cape seal followed by a Type II slurry seal.[3]

A cape seal is a treatment applied to some roadways and consists of an application of an asphalt emulsion chip seal followed by the application of asphalt emulsion slurry seal.[4] A slurry seal is a mixture of materials such as asphalt emulsion, graded aggregates, mineral filler, water, and other additives.[5] The precise ratios of these elements is determined, and the slurry seal prepared, according to a "mix design."[6] The California Department of Transportation ("Caltrans") requires the mix design for different types of slurry seal to conform to certain specifications.[7] Once a slurry seal is mixed, it is applied onto a pavement surface, coalesces into a film, and then cures as water evaporates.[8]

The prime contract between Ahtna and the United States included eight "Statements of Work" which identified contract requirements and prescribed design and technical criteria for the work Ahtna was to perform on specific roadways.[9] For instance, each Statement of Work specified the temperatures at which the roadway materials could be placed.[10] However, although these Statements of Work contained some specifications regarding how the contractors should apply cape seal and slurry seal, they did not specify

---

[3] Docket 73-2 at 14.
[4] *See, e.g., id.* at 21 (providing for the application of cape seal on the Stuaret Road).
[5] Docket 73-3 at 9.
[6] *See id.* at 11.
[7] *Id.*
[8] *Id.* at 9.
[9] *See* Docket 73-2 at 12–99.
[10] *See, e.g., id.* at 21–22.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                    Page 3 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 3 of 61

how to mix the cape seal or the slurry seal.[11]  Rather, the Statements of Work required that if differences existed between Caltrans' requirements and the contract provisions, the contractor was to follow the more stringent specifications.[12]

On November 24, 2020, Ahtna executed a subcontract ("the Subcontract") with ASI to perform the asphalt paving services specified in the prime contract between Ahtna and the United States.[13]  The Subcontract provided that time was of the essence and that performance was to take place between November 12, 2020, and December 31, 2020.[14]  The Subcontract also specified which provisions of the prime contract would "flow down" and be incorporated therein.[15]  The Statements of Work included in the prime contract were not incorporated in the Subcontract.[16]  And the Subcontract did not include any specifications for the "mix design" of the slurry seal or prescribe precautions to be taken in the event of cold or otherwise unsuitable weather.[17]  This Subcontract followed prior communications between Ahtna and ASI, in which Ahtna provided ASI notice to proceed prior to the Subcontract's execution.[18]

---

[11] *See, e.g., id.* at 21–23 (discussing the cape and slurry seal requirements for the Stuaret Road portion of the project); *id.* at 33–35 (same for South Infantry Road); *id.* at 45–47 (same for North Infantry Road).

[12] *See, e.g., id.* at 21 (discussing the cape and slurry seal requirements for the Stuaret Road).

[13] Docket 73-6.

[14] *Id.* at 1, 3.

[15] *Id.* at 11, 46–71.

[16] *See* Docket 73-6.

[17] *See id.*; *see also* Docket 73-18 at ¶ 24.

[18] Docket 75-3 at 17.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                    Page 4 of 61
Case 3:21-cv-00228-JMK    Document 96    Filed 02/07/24    Page 4 of 61

In turn, ASI subcontracted with Graham Contractors ("Graham") to apply the slurry seal.[19]  As part of its agreement to subcontract, Graham required ASI to sign an "Inclement Weather Release," in which ASI acknowledged it had been specifically warned that the anticipated weather conditions "are not conducive to" the application of slurry seal and that it would bear all risk associated with the application and performance of the slurry seal, among other things.[20]

Ahtna gave ASI notice to proceed with the project on November 2, 2020, and specified that ASI would start work on November 14, 2020, and continue until December 31, 2020.[21]

At the time the parties executed the Subcontract, Ahtna was informed that cold weather might affect the project.  Ahtna's 30(b)(6) designee and project manager, Bill Lowe, testified that he had conversations in August and September 2020 with ASI employees about the possibility of the weather becoming too cold.[22]  Moreover, he spoke with ASI's president, Buck Neu, about the possibility that cold weather could affect the performance of the slurry seal.[23]  In his own 30(b)(6) deposition, Mr. Neu stated that ASI informed Mr. Lowe that the weather was unsuitable on multiple occasions but that Mr. Lowe insisted the Subcontract be completed by December 30th.[24]  However, Ahtna project manager, Randy Rogers, submitted at affidavit in support of Ahtna's motion for

---

[19]  Docket 75-13 at 2.
[20]  Docket 73-5.
[21]  Docket 75-2 at 17.
[22]  *Id.* at 8.
[23]  *Id.* at 42.
[24]  Docket 75-13 at 5–6.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*        Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                          Page 5 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 5 of 61

summary judgment in which he states that Ahtna would not have entered into the Subcontract with ASI had it known it would sign a weather release with its own subcontractor, Graham.[25]

## B. Ahtna Identifies Alleged Deficiencies in ASI's Application of Slurry Seal, Seeks Cure, and Ultimately Terminates the Subcontract

Dissatisfied with the quality of the road work, Ahtna directed ASI to stop work on the project on December 16, 2020.[26]  Between January 13 and January 18, 2021, Ahtna sent ASI emails that detailed a "punch list" of alleged deficiencies in its performance, as well as photos.[27]  On January 29, 2021, ASI responded to the punch list items and proposed various means to correcting the deficiencies that Ahtna had identified in its earlier emails.[28]  Representatives from Ahtna and ASI then conducted a "site walk" in early February to identify the deficiencies that ASI would correct.[29]  Thereafter, on February 24, 2021, ASI sent a proposed plan to address the punch list items.[30]  However, concerns about performing repairs in cold weather persisted until March 31, 2021, preventing ASI from addressing the punch list.[31]

On April 19, 2021, Ahtna issued a written notice to cure to ASI, stating that ASI was in default of its obligations under the Subcontract and listing obligations under

---

[25] Docket 73-18 at ¶ 22.
[26] Docket 75-2 at 23.
[27] *Id.* at 27.
[28] *Id.* at 48.
[29] *Id.* at 49.
[30] *Id.* at 50.
[31] *Id.* at 51.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                    Page 6 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 6 of 61

the Subcontract that Ahtna found incomplete or deficient.[32]  The letter indicated that Ahtna

believed 95 percent of the punch list items it previously had identified remained

incomplete.[33]  On April 30, 2021, ASI responded, noting that Ahtna had not paid it for

work completed in November and December, that it was willing to conduct another site

walk-through, and proposed a work plan to address any issues.[34]

Ahtna supplemented its notice of default on May 24, 2021.[35]  Its letter

informed ASI that Ahtna had retained Asphalt Pavement & Recycling Technologies, Inc.

("APART"), to collect and test samples of the slurry seal that ASI had applied and that

APART's analysis indicated an issue with the slurry mix ASI used caused the asphalt to

scuff, bleed oil, and harden improperly.[36]  Specifically, the letter indicated that APART

found that the asphalt content of ASI's slurry mix exceeded the amount permitted under

Caltrans's specifications.[37]  Ahtna then insisted that any proposal to remediate the issues

would need to include removing the existing slurry seal and applying a new slurry seal that

complies with Caltrans standards, among other things.[38]

On August 25, 2021, ASI responded to Ahtna and proposed a remediation

plan.[39]  However, on September 29, 2021, Ahtna notified ASI that its performance under

---

[32] Docket 73-8.
[33] *Id.* at 5.
[34] Docket 75-9 at 16–25.
[35] *Id.* at 34–37.
[36] *Id.* at 34.
[37] *Id.* at 35.
[38] *Id.* at 36.
[39] Docket 73-15.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                              Page 7 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 7 of 61

the Subcontract was terminated due to ASI's alleged default of its obligations.[40]  Ahtna later contracted with an ASI competitor, Pavement Coatings, to remove and replace the slurry seal on the roads at issue.[41]

## C.  Ahtna Submits a Claim on ASI's Performance Bond Which ASI's Surety, UFCC, Denies

Prior to executing the Subcontract, ASI secured a performance bond from United Fire and Casualty Company ("UFCC").[42]  On May 12, 2021, Ahtna submitted a formal claim on the bond, Bond No. 54-197210, to UFCC and gave UFCC notice of its intent to declare ASI in default and terminate the Subcontract.[43]  As discussed, Ahtna then supplemented its notice of default on May 24, 2021, and insisted that ASI would have to remove and replace the chip seal and slurry to remediate the issues it had identified.[44]  UFCC retained an investigative firm, JS Held, and an engineering firm, Ninyo and Moore, to assess the situation.[45]  ASI also responded to Ahtna's notice of default on June 2, 2021, and indicated that it would create a work plan for removing and replacing the surface treatments based on a change order, but demanding payment for the work it already had performed.[46]

---

[40] Docket 73-16.
[41] Docket 75-10 at 39.
[42] Docket 73-11.
[43] Docket 73-12.
[44] Docket 75-9 at 34–37.
[45] Docket 75-22 at 3–4.
[46] Docket 75-9 at 39–41.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                Page 8 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 8 of 61

On August 12, 2021, engineers from Ninyo and Moore and representatives from ASI, Graham, and Ahtna visited the site.[47]  When Ahtna rejected ASI's proposed remediation plan, UFCC responded to Ahtna's May 12, 2021, Notice of Default and Termination letter.[48]  In its letter, UFCC asserted that Ahtna had failed to allow it an opportunity to remedy the default under the Bond and thus had breached its terms.[49]  Moreover, it noted that the slurry was performing "as expected."[50]  Accordingly, it denied Ahtna's bond claim.[51]

## D.    Procedural History

On October 14, 2021, Ahtna initiated this lawsuit against ASI in the District of Alaska, alleging breach of contract, breach of the implied warranty of good faith, a claim against the performance bond, performance bond bad faith, and violation of the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA").[52]  Subsequently, on November 3, 2021, ASI filed a Miller Act complaint on behalf of the United States in the Northern District of California, asserting breach of contract against Ahtna and seeking recovery of the Miller Act Bond from Ahtna's surety, Great American Insurance Group.[53]

---

[47]  *See* Docket 75-22 at 12–13.
[48]  *Id.* at 12–14.
[49]  *Id.* at 13.
[50]  *Id.*
[51]  *Id.* at 13–14.
[52]  *See* Docket 1.
[53]  *See* Docket 1, *US ex rel. Asphalt Surfacing, Inc. v. Ahtna Build-Design, Inc., et al.,* 3:22-cv-00219-JMK.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                      Page 9 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 9 of 61

ASI's Miller Act suit was transferred to the District of Alaska[54] and the two cases were consolidated.[55]

## II. LEGAL STANDARDS

### A. Leave to Amend

Once the deadline to amend a pleading as a matter of course has passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave."[56] "The court should freely give leave when justice so requires."[57] The decision to grant or deny leave to amend rests in the "sole discretion of the trial court,"[58] though the Ninth Circuit has instructed that "[r]equests for leave should be granted with 'extreme liberality.'"[59]

Consistent with the liberal spirit of Rule 15, courts should only decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" (together, "the *Foman* factors").[60] Among

---

[54] Docket 24, *US ex rel. Asphalt Surfacing, Inc. v. Ahtna Build-Design, Inc., et al.*, 3:22-cv-00219-JMK.
[55] Docket 46; *see also* Docket 40, *US ex rel. Asphalt Surfacing, Inc. v. Ahtna Build-Design, Inc., et al.*, 3:22-cv-00219-JMK.
[56] Fed. R. Civ. P. 15(a)(2).
[57] *Id.*
[58] *Stanton v. Battelle Energy All., LLC.*, 83 F. Supp. 3d 937, 949 (D. Idaho 2015).
[59] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).
[60] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                Page 10 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 10 of 61

these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight."[61]  "Prejudice is the 'touchstone of the inquiry under Rule 15(a).'"[62]  Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[63]  "The party opposing amendment bears the burden of showing prejudice."[64]

## B.  Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[65]  A material fact is one that "might affect the outcome of the suit under the governing law."[66]  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[67]

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.[68]  To establish that a fact cannot be genuinely disputed, the movant either can cite the record or show "that the materials cited

---

[61] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[62] *Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).
[63] *Id.* (emphasis in original).
[64] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).
[65] Fed. R. Civ. P. 56(a).
[66] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[67] *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1031 (9th Cir. 2010).
[68] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                    Page 11 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 11 of 61

do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[69]

Once the movant has made such a showing, the non-movant "bears the burden of production under [FRCP] 56 to 'designate specific facts showing that there is a genuine issue for trial.'"[70] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[71] A party cannot "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."[72]

"If a moving party fails to carry its initial burden of production, the non-moving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."[73] Ultimately, in ruling on a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.[74]

---

[69] Fed. R. Civ. P. 56(c)(1).

[70] *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

[71] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal citation omitted); *see also Liberty Lobby*, 477 U.S. at 252 (specifying that the non-movant "must show more than the mere existence of a scintilla of evidence"); *accord In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

[72] *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

[73] *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

[74] *Scott v. Harris*, 550 U.S. 372, 378 (2007).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                Page 12 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 12 of 61

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits."[75] The court rules on each motion "on an individual and separate basis."[76]

## III. DISCUSSION

### A. Ahtna's Motion for Leave to File Amended Complaint

Ahtna argues that leave to amend its Complaint filed on October 14, 2021, is appropriate under both Federal Rules of Civil Procedure 15 and 16.[77] Furthermore, it asserts that amendment is necessary because new evidence emerged in the Rule 30(b)(6) deposition of ASI's designee, Buck Neu, and requires Ahtna substantially alter the facts it pled to support its claims.[78] ASI and UFCC respond that amendment is not appropriate because Ahtna knew or should have known all the allegedly new facts prior to filing suit and amendment would be futile.[79] ASI also points out that Ahtna failed to comply with Local Rule 15.1(a), which requires a party seeking leave to amend to file a proposed amended pleading that clearly indicates how it differs from the pleading it amends, and asks that the motion to amend be denied on this basis.[80]

---

[75] *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations and quotation omitted).

[76] *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 2720 (3d ed. 1998)).

[77] *See generally* Docket 53; Docket 62 at 13–15.

[78] Docket 53 at 5–9.

[79] Docket 61 at 5–15.

[80] *Id.* at 5.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                        Page 13 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 13 of 61

As a threshold matter, the Court must determine whether to apply Rule 15(a)'s "as justice so requires" standard or Rule 16(b)(4)'s "good cause" standard. In its pretrial Scheduling and Planning Order, the Court omitted to include a deadline for motions to amend.[81] However, Local Civil Rule 16 provides that "[u]nless otherwise ordered . . . [m]otions to amend the pleadings . . . must be filed not later than 60 days after the date the Pretrial Scheduling Order is entered."[82] "Thereafter, a party may seek leave of court to modify this deadline" under Federal Rule of Civil Procedure 16(b)(4).[83] Although the Court did not specify a deadline for motions to amend in its Scheduling and Planning Order, the Local Rules nonetheless required any motion to amend to be filed within 60 days of the Order's entry on December 13, 2021. Ahtna's instant motion to amend was untimely as it was filed well after this February 12, 2022, deadline. Ahtna should have filed a motion to modify the motions deadline under Rule 16(c)(4) before seeking leave to amend under Rule 15(a).

Under Rule 16, the court only may modify its scheduling order "for good cause . . . ."[84] "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

---

[81] *See* Docket 16 at 7.
[82] D. Alaska Loc. Civ. R. 16.1(c)(2). In its reply, Ahtna indicates that the Court's scheduling order did not specify that it incorporated the Local Rules. The Local Rules supplement the Federal Rules of Civil Procedure and govern all proceedings in the District of Alaska unless the court orders otherwise. *See* D. Alaska Loc. Civ. R. 1.1(a)(2), (4).
[83] *Id.*
[84] Fed. R. Civ. P. 16(b)(4).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions Page 14 of 61
Case 3:21-cv-00228-JMK Document 96 Filed 02/07/24 Page 14 of 61

seeking the amendment."[85]  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."[86]

Once the scheduling order deadline for motions to amend is modified, courts freely give leave to amend "when justice so requires."[87]  Generally, "[r]equests for leave should be granted with 'extreme liberality.'"[88]  Indeed, the Ninth Circuit instructs that courts should only decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'"[89]

Ahtna has not shown good cause to modify the deadline for motions to amend.  District courts within the Ninth Circuit generally find discovery of new evidence sufficient to satisfy the "good cause" standard.[90]  This stands to reason as an amendment could not have been filed prior to the deadline when it reflects information that a party only

---

[85] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[86] *Id.*
[87] *Id.*
[88] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).
[89] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[90] *See, e.g., Ada Cty. Highway Dist. v. Rhythm Eng'g, LLC*, No. 1:15-CV-00584-CWD, 2017 WL 1502791, at *8 (D. Idaho Apr. 25, 2017); *M.H. v. County of Alameda*, No. 11-2868 CW, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012); *Macias v. Cleaver*, No. 1:13-CV-01819-BAM, 2016 WL 8730687, at *4 (E.D. Cal. Apr. 8, 2016); *see also Gambrel v. Twin Falls Cnty.*, No. CIV. 1:12-369 WBS, 2014 WL 1612677, at *1 (D. Idaho Apr. 22, 2014) ("[T]his is a textbook example of 'good cause.'").

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 15 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 15 of 61

obtained thereafter. Nevertheless, this reasoning only holds when evidence is newly discovered. Courts "inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."[91] "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."[92]

        In this case, the parties dispute whether Ahtna knew or should have known of the facts underlying its proposed amendment at the time it initiated this action. Ahtna contends that the Rule 30(b)(6) deposition of Buck Neu revealed for the first time that there were no specifications for a mix design in the Subcontract and these specifications were ASI's responsibility, that ASI decided that it did not need to devise specifications, and that ASI's crew followed no specifications when mixing sealant.[93] Ahtna further indicates that it learned that ASI's subcontractor, Graham, told ASI that it was inadvisable to apply sealant in December, ASI signed a release with Graham acknowledging that applying sealant in December could result in a defective product, and undertook work in December weather conditions.[94] Ahtna argues this allegedly new information means it must amend its claims related to malfeasance to make clear they relate to ASI's nonfeasance.

---

[91] *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations and citations omitted).
[92] *See Acri v. International Ass'n of Machinists,* 781 F.2d 1393, 1398 (9th Cir. 1986) (denying leave to amend under Rule 15).
[93] Docket 53 at 3.
[94] *Id.* at 4–5.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*   Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions       Page 16 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 16 of 61

ASI, for its part, claims that Ahtna knew or should have known all these facts prior to filing suit and following earlier discovery in this matter.[95] ASI points out that Ahtna drafted the Subcontract, which contained no specifications for a mix design, and that Ahtna's project manager, Bill Lowe, who drafted the Scopes of Work attached to the Subcontract, testified that neither the Subcontract nor Scopes of Work contained any specifications and that the Statements of Work, which reference Caltrans specifications, were not incorporated as part of the Subcontract.[96] Moreover, ASI states that Ahtna knew it had subcontracted with Graham Contractors due to their employees' presence on site and that it disclosed its subcontract with Graham on January 10, 2022.[97] Therefore, Ahtna knew or should have known that Graham determined the slurry mix onsite.

In ASI's view, "a plain reading of the Subcontract and consultation with [Ahtna's] own 30(b)(6) designee, Bill Lowe, would have fully disclosed that ASI was not contractually bound to any specifications, that Caltrans specifications had not been incorporated into the Subcontract, that no mix design was required to be submitted, that Graham Inc. was a subcontractor on the project that provided the slurry mix and laid the slurry and was the entity that should be questioned regarding the slurry mix provided for the project; along with the third parties who tested the materials in the submittals that were provided for the aggregate, the oil and the emulsion."[98]

---

[95] Docket 61 at 6.
[96] *Id.* at 6–7 (citing Docket 61-2 at 102:3–106:2).
[97] *Id.* at 9.
[98] *Id.* at 10.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                                    Page 17 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 17 of 61

The Court agrees that Ahtna should have known of the facts it seeks to raise in its proposed First Amended Complaint. Ahtna drafted the Subcontract and filed suit based in part of a breach of its terms. Therefore, the absence of specifications in the contract cannot be newly discovered evidence. Moreover, ASI disclosed its subcontract with Graham more than one year before Ahtna took its 30(b)(6) deposition of Mr. Neu and moved to amend. Information regarding Graham's role therefore was not newly discovered in May 2023.

Ultimately, Ahtna fails to show "good cause" for the Court to modify its deadlines and allow leave to amend. However, as discussed below, ASI has shown good cause and the Court will modify the Scheduling and Planning Order's deadline for motions to amend for both parties. Given that the deadline will be extended, the Court considers whether to grant Ahtna leave to amend under Rule 15.

Separately, ASI argues that Ahtna's amendment is futile because "undisputed facts demonstrate [Ahtna] could not survive a motion for summary judgment."[99] But "leave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[100] Therefore, it is immaterial whether Ahtna's amendment would survive summary judgment. ASI does not demonstrate that amendment is futile or that any

---

[99] *Id.* at 11.
[100] *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (internal citations and quotations omitted).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                               Page 18 of 61
Case 3:21-cv-00228-JMK    Document 96    Filed 02/07/24    Page 18 of 61

of the other *Foman* factors apply and preclude amendment. Accordingly, Ahtna's *Motion for Leave to Amend Complaint* is **GRANTED**.

## B.  ASI's Motion to Amend

ASI moves to modify the motions deadline and for leave to amend its own complaint. ASI argues that it discovered new causes of action following the delayed disclosure of highly relevant evidence and seeks to amend its complaint to add a cause of action for violation of the UTPCPA, supplement its breach of contract claim, substitute Defendant Great American Insurance Company for Great American Insurance Group, and modify its request for damages.[101]

As discussed, the court only may modify its scheduling order "for good cause. . . ."[102] The "good cause" inquiry focuses on "the diligence of the party seeking the amendment."[103] Discovery of truly new evidence is paradigmatically "good cause" for modification of the scheduling order.[104]

Following modification of the scheduling order to allow a party to move to amend, the court will grant leave to amend "if justice so requires."[105] "Requests for leave should be granted with 'extreme liberality'" and courts should only decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

---

[101]  Docket 63 at 2.
[102]  Fed. R. Civ. P. 16(b)(4).
[103]  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
[104]  *See, e.g., Gambrel v. Twin Falls Cnty.,* No. CIV. 1:12-369 WBS, 2014 WL 1612677, at *1 (D. Idaho Apr. 22, 2014).
[105]  Fed. R. Civ. P. 15(a)(2).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                        Page 19 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 19 of 61

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'"[106] "A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal."[107]

ASI asserts that good cause exists to modify the deadline for motions to amend as it discovered new evidence well after the initial deadline and Ahtna recently changed its position with respect to pertinent facts.[108] Specifically, ASI contends that, in April 2023, Ahtna disclosed an August 2021 report of testing and a table of results generated by a contractor, APART, for 18 samples taken during an examination of the allegedly defective pavement at issue in this suit.[109] Previously, Ahtna had produced a May 10, 2021, report from APART that had been created with the single sample result as its basis.

Furthermore, ASI argues that new evidence came to light in its 30(b)(6) deposition of Ahtna's designee and subsequent discovery responses, in which Ahtna admitted that it did not understand APART's report, that it had been warned that cold weather could adversely affect the project, and conceded that the issues with the slurry at the heart of this dispute were caused by cold weather. ASI argues that its proposed

---

[106] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[107] *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (internal citations omitted).
[108] Docket 69 at 11–14.
[109] *Id.* at 11–12.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*  Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                    Page 20 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 20 of 61

amendments stating causes of action for violation of the UTPCA, breach of the contract's confidentiality provision, and third-party beneficiary breach of contract are not futile.[110] Finally, ASI seeks to substitute Great American Insurance Company for Great American Insurance Group, suggesting that it inadvertently named the company by its trade name, not its corporate moniker.[111]

In opposition, Ahtna contests ASI's representations regarding the August 2021 APART report, stating that it produced the report in its initial Rule 26(a) disclosures prior to discovery.[112] Moreover, it argues that the report, which addresses the asphalt content used, is not the crucial evidence that ASI claims as the parties now agree that the issue with the slurry was not its conformity with industry standards, but the environmental conditions, specifically the temperature, during its application.[113]

Ahtna also argues that amendment to include a third-party beneficiary breach of contract claim is futile because such a claim fails as a matter of law.[114]

### 1. Amendment is appropriate

Good cause exists to modify the Court's scheduling order and justice requires the Court to grant ASI leave to amend.

*First*, good cause exists to amend the Court's scheduling order because ASI could not have discovered information that necessitated its amendment until after the

---

[110] *Id.* at 10–14.
[111] *Id.* at 9.
[112] Docket 77 at 2.
[113] *Id.* at 3.
[114] *Id.* at 7–14.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                    Page 21 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 21 of 61

Court's deadline. The parties disagree as to whether the August 2021 APART report was disclosed in prior discovery or after the deadline to amend had passed. However, only ASI produces any support for their contention. In a sworn declaration, Michael Davis states that Ahtna produced the August 2021 APART report in its Third Supplemental Responses on April 14, 2023.[115] Furthermore, the Bates numbers on the August 2021 APART report are within the range that Ahtna's Third Supplemental Responses purported to provide.[116] Therefore, the Court can only conclude that Ahtna did not disclose the APART August 2021 report until after the deadline for ASI to amend its pleadings had passed. Similarly, ASI discovered new information during a Rule 30(b)(6) deposition of Ahtna that provides good cause to modify the deadline to amend. As such, there is good cause to amend the deadline for motions to amend and the Court proceeds to consider whether ASI should be granted leave under Rule 15.

  *Second*, leave to amend is appropriate. Ahtna does not appear to oppose the inclusion of ASI's UTPCPA or breach of subcontract claims, challenge its substitution of Great American Insurance Company, or take issue with modifying the damages sought. However, Ahtna opposes ASI's proposed cause of action for third-party beneficiary breach of contract as futile.[117] In particular, Ahtna argues that ASI lacks standing to sue under Ahtna's prime contract with the United States. In its view, ASI is not a third-party beneficiary who may sue on the contract because ASI is an incidental beneficiary.[118] ASI,

---

[115] Docket 69-1 at ¶ 4.
[116] Docket 69-9.
[117] Docket 77 at 7–14.
[118] *Id.* at 9–14.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*  Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions          Page 22 of 61
Case 3:21-cv-00228-JMK  Document 96  Filed 02/07/24  Page 22 of 61

on the other hand, asserts that the prime contract between Ahtna and the United States includes a reference to "associated subcontractors" and thus makes clear that ASI, as an associated subcontractor, was part of a class of parties intended to benefit under the contract.[119]

"Federal law governs the interpretation of contracts entered pursuant to federal law where the federal government is a party."[120] Under federal common law, district courts look to "general principles for interpreting contracts."[121] "One such general principle is that only a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach."[122]

"To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party."[123] "The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended by the parties to benefit from the contract."[124]

A party seeking to demonstrate its third-party beneficiary status in the context of a government contract has a "comparatively difficult task."[125] "Parties that

---

[119] Docket 69 at 13–14.
[120] *Chickaloon-Moose Creek Native Ass'n., Inc. v. Norton*, 360 F.3d 972, 980 (9th Cir. 2004).
[121] *Klamath Water Users Prot. Assoc. v. Patterson,* 204 F.3d 1206, 1210 (9th Cir. 1999).
[122] *GECCMC 2005-C1 Plummer St. Off. Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n,* 671 F.3d 1027, 1033 (9th Cir. 2012).
[123] *Klamath Water Users Protective Ass'n*, 204 F.3d at 1211.
[124] *Id.*
[125] *Cnty. of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1244 (9th Cir. 2009), *rev'd on other grounds sub nom. Astra USA, Inc. v. Santa Clara Cnty., Cal.*, 563 U.S. 110 (2011).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                      Page 23 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 23 of 61

benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary."[126] Courts "examine the precise language of the contract for a 'clear intent' to rebut the presumption that the third parties are merely incidental beneficiaries."[127] Ultimately, "a putative third-party beneficiary must demonstrate an intent on the part of the contracting parties to 'grant [it] *enforceable rights*.'"[128]

ASI asserts it is a third-party beneficiary because the prime contract between Ahtna and the United States references "associated subcontractors." However, the references to "associated subcontractors" appear in provisions in the prime contract that pertain to security measures and training.[129] These references indicate that the contract contemplated the use of subcontractors. But ASI has not identified any "precise language" in the contract that evinces a "clear intent to rebut the presumption that the third parties are merely incidental beneficiaries" or "an intent on the part of the contracting parties to grant it enforceable rights."[130] As such, ASI has not shown it has standing to raise a third-party beneficiary claim for breach of contract. Amendment to include this cause of action is futile.

---

[126] *Klamath Water Users Protective Ass'n*, 204 F.3d at 1211.
[127] *Cnty. of Santa Clara v. Astra USA, Inc.*, 588 F.3d at 1244 (internal quotations and citations omitted).
[128] *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1160 (9th Cir. 2016) (emphasis in original) (quoting *Orff v. United States*, 358 F.3d 1137, 1147 (9th Cir. 2004)).
[129] *See* Docket 77-2 at 18, 30, 42, 56.
[130] *Cnty. of Santa Clara v. Astra USA, Inc.*, 588 F.3d at 1244; *Caltex Plastics, Inc.*, 824 F.3d at 1160 (internal quotations and citations omitted).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions Page 24 of 61
Case 3:21-cv-00228-JMK Document 96 Filed 02/07/24 Page 24 of 61

ASI may file an amended complaint but may not include a cause of action for third-party beneficiary breach of contract. ASI's *Motion for Leave to File an Amended Complaint* is **GRANTED IN PART**. ASI is instructed to file an Amended Complaint consistent with this Order.

### 2. Sanctions are not appropriate

In its opposition to the motion to amend, Ahtna points out that ASI withdrew a similar motion that sought to include two further claims, moves for sanctions, and seeks an award of the expenses it incurred in opposing ASI's prior motion.[131] ASI contests that it acted in good faith when it filed and withdrew its previous motion to amend. ASI also cross-moves for the expenses it incurred in opposing Ahtna's motion for sanctions.[132]

Sanctions are not appropriate. As an initial matter, Ahtna's motion for sanctions is procedurally improper. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."[133] Neither Ahtna nor ASI have presented separate motions for sanctions. The Court therefore declines to impose any sanction on that basis.

Moreover, the Court is not satisfied that ASI's motions to amend were improper under Rule 11. Under Rule 11, attorneys, by signing each motion, certify that "to the best of the persons knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose,

---

Docket 77 at 2.
132 Docket 78 at 8–14.
133 Fed. R. Civ. P. 11(c)(2).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions Page 25 of 61

such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," among other things.[134]

The gravamen of Ahtna's argument for sanctions is that ASI filed a motion to amend, causing Ahtna to expend resources in responding, and then withdrew its motion, only to later file a pared-down version of its motion and proposed amended complaint. This hardly constitutes litigating with an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[135] Indeed, by withdrawing its motion and presenting a more limited amended complaint, ASI reduced needless litigation. And although Ahtna did expend resources to respond to the first motion to amend, the fact that ASI presented a similar second motion should have reduced the amount of resources Ahtna needed to dedicate to its subsequent response.

ASI also seeks fees for expenses incurred in responding to Ahtna's motion for sanctions. The Federal Rules provide that, in a sanctions dispute, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."[136] ASI argues fees are warranted here as Ahtna filed its motion for sanctions in bad faith. In support of this contention, ASI submits email communications between counsel that indicate the parties had discussed an unopposed motion to modify the

---

[134] Fed. R. Civ. P. 11(b).
[135] Fed. R. Civ. P. 11(c)(1).
[136] Fed. R. Civ. P. 11(c)(2).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 26 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 26 of 61

Court's scheduling order and that ASI had sent their proposed amended Complaint to Ahtna to see if it would Ahtna would stipulate its acceptance of an amended pleading.[137]

These communications do not demonstrate bad faith, so the Court will not award a fee.

## C. ASI's Motion *in Limine* to Strike the Affidavit of Randy Rogers

Next, ASI moves to strike the affidavit of Randy Rogers, which Ahtna submits in support of its *Motion for Summary Judgment on the First Amended Complaint and Counterclaims*. It argues that his affidavit is not made on personal knowledge, includes statements that are not admissible, and does not demonstrate he is competent to testify.[138] ASI then presents a six-page long table that matches statements included in Mr. Rogers' affidavit with specific objections, including hearsay and lack of foundation.[139] ASI also objects that Mr. Rogers' statements conflict with documents or other evidence produced and should not be allowed override that evidence, particularly that of 30(b)(6) representatives.[140]

Ahtna insists that Mr. Rogers has personal knowledge of the matters he avers to as a program manager at Ahtna who worked on the contract at issue.[141] It further argues that Mr. Rogers does not purport to offer any expert opinion so objections in that vein are futile.[142] And it asserts that ASI's objections that Mr. Rogers' statements conflict with

---

[137] Docket 78-2; Docket 78-3; Docket 78-4; Docket 78-5.
[138] Docket 86 at 4.
[139] *Id.* at 4–10.
[140] *Id.*
[141] Docket 90 at 4.
[142] *Id.* at 5.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                              Page 27 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 27 of 61

other evidence in the case are not relevant at summary judgment as they go to impeachment and weight and that Mr. Rogers' affidavit is not a "sham affidavit."[143]

At the summary judgment stage, a party asserting that a fact cannot be or is genuinely disputed must support their assertion by citing the record or showing "that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[144] When an affidavit or declaration is used to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[145] The Court's review of affidavits and declarations at summary judgment does not "focus on the admissibility of the evidence's form."[146] "We instead focus on the admissibility of its contents."[147] "On a motion for summary judgment, 'a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion.'"[148]

---

[143] *Id.* at 6–11.
[144] Fed. R. Civ. P. 56(c)(1).
[145] Fed. R. Civ. P. 56(c)(4).
[146] *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).
[147] *Id.*
[148] *Jha v. Chicago Title Ins. Co.*, No. 2:23-CV-00584, 2023 WL 7386430, at *3 (W.D. Wash. Nov. 8, 2023) (quoting *Lee v. Nat'l Life Assur. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980)).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                       Page 28 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 28 of 61

### 1. Mr. Rogers' affidavit does not establish his personal knowledge on Ahtna's intention and conduct regarding the Subcontract

A party seeking admission of evidence in support of a motion for summary judgment bears the burden of proving its admissibility.[149] And, as discussed, Rule 56(c)(4) requires that declarations adduced in support of or in opposition to summary judgment be made based on a declarant's personal knowledge. Here, ASI points out that many of Mr. Rogers' statements as to Ahtna's knowledge, intent, and conduct with respect to the Subcontract lack foundation. In response, Ahtna highlights that Mr. Rogers is employed as a program manager at Ahtna, frequently works on federal contracts, and worked on the contract at issue in this litigation.[150]

Mr. Rogers' affidavit itself does not allow the Court to conclude that he has personal knowledge of Ahtna's knowledge, intentions, and conduct with respect to the Subcontract.[151] Mr. Rogers avers he is a program manager at Ahtna, but that alone does not suffice to show that Mr. Rogers has personal knowledge of the matters on which he speaks.[152] For example, the fact that he is a program manager at Ahtna does not suggest he has personal knowledge that Ahtna "intended to subcontract the Project to a contract with expertise in [asphalt], who would then adopt suitable specifications for the Project," that the specifications for "preparation of the Slurry Seal or the proper means of application of those materials . . . were to be selected by ASI as the asphalt contractor," that Ahtna was

---

[149] *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010).

[150] Docket 90 at 4.

[151] The Court does not consider the facts asserted in Ahtna's opposition as they are not attestations by Mr. Rogers in his affidavit.

[152] Docket 73-18 at ¶ 1.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*   Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                              Page 29 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 29 of 61

not aware that ASI planned to subcontract, or that its subcontractor warned against placing slurry seal in incorrect temperatures.[153]   Therefore, these statements, which purport to explain what Ahtna intended with respect to the Subcontract, as well as similar statements identified at Docket 86, must be stricken.   The Court will not rely on Mr. Rogers' statements that assert Ahtna's intentions or conduct with respect to the Subcontract in determining summary judgment.

### 2. The Court declines to address purported conflicts between Mr. Rogers' affidavit and Mr. Lowe's Rule 30(b)(6) testimony

Additionally, ASI argues that there are conflicts between Mr. Rogers' statements regarding Ahtna's intentions and conduct and those of Ahtna's Rule 30(b)(6) designee and that the conflicting statements must be stricken.[154]   A corporation generally cannot defeat summary judgment based on an affidavit that conflicts with the testimony of its Rule 30(b)(6) designee.[155]   However, the Ninth Circuit warns that this rule applies narrowly—"only where the purportedly conflicting evidence truly, and without good reason or explanation, is in conflict, *i.e.*, where it cannot be deemed as clarifying or simply providing full context for the Rule 30(b)(6) deposition."[156]

ASI identifies a number of statements in Mr. Rogers' affidavit that it asserts conflict with Ahtna's Rule 30(b)(6) designee, Bill Lowe's, testimony.[157]   However, it does

---

[153] *Id.* at ¶¶ 12, 14, 19, 20.
[154] Docket 86 at 4–10.
[155] *Snapp v. United Transportation Union*, 889 F.3d 1088, 1103–04 (9th Cir. 2018).
[156] *Id.* at 1103.
[157] *See* Docket 86 at 4–10 (identifying paragraphs 6, 12, 14, 18–22, 25, and 29-32 as problematic).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                                    Page 30 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 30 of 61

not precisely identify specific segments of Mr. Lowe's testimony with which the statements in Mr. Rogers' affidavit conflict.  Instead, ASI points to portions of its factual background in its *Motion for Summary Judgment* at Docket 75.  Given the imperative to directly compare Mr. Rogers' statements and Mr. Lowe's statements to determine whether they conflict in a manner that "cannot be deemed as clarifying or simply providing full context for the Rule 30(b)(6) deposition," these citations are not enough.[158]  The Court lacks sufficiently specific citations to make a determination here and thus declines to do so.

### 3. The Court need not address the remaining objects to Mr. Rogers' affidavit

ASI also identifies numerous other objections to Mr. Rogers' affidavit, including that his statements contain hearsay and that he is not competent to speak on certain topics.[159]  However, the Court need not rule on these objections for the purposes of summary judgment, as the statements to which ASI objects contain undisputed factual assertions that are available as part of the broader record on summary judgment.

ASI's *Motion In Limine* is **GRANTED IN PART AND DENIED IN PART**.

## D. Ahtna's Motion *In Limine* to Exclude Mr. Duval's Rebuttal Report

Ahtna moves *in limine* to exclude the rebuttal report of ASI's retained expert, John Duval.  It argues that Mr. Duval impermissibly opines on legal issues, including

---

158 *Snapp*, 889 F.3d at 1103.
159 Docket 86 at 4–10.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 31 of 61

contract interpretation.[160]  And it contends that the rebuttal report improperly exceeds the scope of the report to which it purports to respond.[161]

ASI responds that Mr. Duval is qualified by experience to offer an opinion on construction contracts and that his report does not contain legal conclusions.[162]

### 1. Mr. Duval does not improperly offer legal conclusions

Ahtna objects to nine opinions Mr. Duval offers, which it contends impermissibly state legal conclusions.[163]  It further argues that Mr. Duval lacks the requisite qualifications to opine on legal principles.[164]

"Under Federal Rule of Evidence 704(a), expert testimony is not objectionable solely 'because it embraces an ultimate issue'; however, 'an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.'"[165]  In the end, "instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court."[166]

Of the nine opinions Ahtna contests are legal conclusions, none usurp the Court's role in instructing the jury as to the applicable law.  While Mr. Duval references the Subcontract and various legal concepts, he never offers a legal conclusion or an opinion

---

[160] Docket 72 at 5–8.
[161] *Id.* at 9–10.
[162] Docket 79 at 5–17.
[163] Docket 72 at 3–4.
[164] *Id.* at 7–8.
[165] *Garcia v. Vitus Energy, LLC*, 605 F. Supp. 3d 1179, 1184 (D. Alaska 2022) (emphasis in original) (quoting *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017)).
[166] *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                        Page 32 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 32 of 61

on an ultimate issue of law. Furthermore, Ahtna's motion *in limine* mischaracterizes Mr. Duval's conclusions. For example, Ahtna claims that Mr. Duval offers the opinion that "cosmetic" issues in the slurry seal would not constitute breach of the Subcontract. But Mr. Duval's discussion of "cosmetic issues" is limited and does not offer an opinion as to breach. Mr. Duval opines that the "cosmetic issues" could have been corrected during the punch list phase of the project and that they did not impact the performance of the slurry seal.[167] These opinions might support a finding that ASI did not breach the Subcontract, but they do not constitute testimony on that ultimate issue.

The other eight opinions Ahtna challenges are permissible for similar reasons: they are fact-based opinions that do not reach ultimate issues.[168]

Having reviewed Ahtna's objections and Mr. Duval's report, the Court concludes that Mr. Duval did not improperly usurp its role. Insofar as Ahtna seeks to challenge Mr. Duval's qualifications to offer his opinions under Rule 702, its arguments are not sufficiently developed and unpersuasive. That Mr. Duval is not an attorney does not mean he cannot offer his opinion on construction contracts, which he has considerable experience drafting, negotiating, and managing.[169]

---

[167] Docket 72-2 at 28–33.

[168] *See id.* at 3–5 (discussing the distinction between contract specifications and building codes), 6–8 (discussing the types of projects to which CALTRANS specifications apply), 8–16 (discussing "design-build" as a contract delivery method), 19 (discussing the import of the liquidated damages clause, which is not an ultimate issue), 16–19 (discussing how the contract could have incorporated specifications, 36 (opining there is no accepted industry standard of care).

[169] *See* Docket 79-7 at ¶¶ 5–6; *see also Hangarter*, 373 F.3d at 1015 (noting that Rule 702 contemplates a broad conception of expert qualifications).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions
Page 33 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 33 of 61

### 2. Mr. Duval's rebuttal report does not exceed the scope of Dr. Shatnawi's initial report

Ahtna next argues that Mr. Duval's rebuttal report should be excluded because it exceeds the scope of Dr. Shatnawi's report by making arguments regarding the sufficiency of ASI's remediation proposal and concluding that Pavement Coating's work to "correct" the deficiencies in the slurry seal constituted "betterment."[170]

The scope of an expert's rebuttal report is limited.[171] "An expert report qualifies as a rebuttal report if it 'is intended solely to contradict or rebut evidence on the same subject matter identified by another party under [Federal Rule of Civil Procedure] 26(a)(2)(B) or C.'"[172] Experts designated as rebuttal experts may offer limited testimony and may not testify in a party's case-in-chief.[173] And, "proper expert rebuttal cannot explore new areas not raised in initial reports."[174]

Mr. Duval's rebuttal report does not exceed the scope of the report to which it responds. Dr. Shatnawi opines in his report that Ahtna correctly deemed ASI's remediation proposal insufficient and suggests that the solution to the slurry seal's alleged performance issues was milling them off and applying a new cape seal.[175] Mr. Duval's rebuttal testimony regarding the sufficiency of ASI's remediation proposal does not

---

170 Docket 72 at 9.
171 *Specter v. Texas Turbine Conversions, Inc.*, No. 3:17-cv-00194-TMB, 2020 WL 7234369, at *4 (D. Alaska Dec. 8, 2020) (citing Fed. R. Civ. P. 26).
172 *Id.* (alterations in original) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)).
173 *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008).
174 *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. CV 15-02370 JVS, 2016 WL 7042085, at *4 (C.D. Cal. Aug. 17, 2016).
175 Docket 72-1 at 11.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions
Page 34 of 61

Case 3:21-cv-00228-JMK Document 96 Filed 02/07/24 Page 34 of 61

explore new areas, but responds to Dr. Shatnawi's opinion. In the same vein, Mr. Duval's opinion that milling off and replacing the cape seal constituted "betterment" responds to Dr. Shatnawi's assertion that these measures were required to address the slurry seal's alleged performance issues. Ahtna's motion to exclude Mr. Duval's rebuttal report is **DENIED**.

### E. Ahtna's Motion for Summary Judgment at Docket 73

Ahtna moves for summary judgment on the claims it asserts in its First Amended Complaint as well as the counterclaims ASI asserts.[176] ASI opposes, arguing that disputes of material fact preclude summary judgment in favor of Ahtna.[177]

As explained below, summary judgment in Ahtna's favor is not warranted. Ahtna makes conclusory arguments that each of its claims have been proven and does not meaningfully grapple with the record. Ahtna's *Motion for Summary Judgment* filed at Docket 73 is **DENIED** in its entirety.

#### 1. Summary judgment that ASI breached its Subcontract with Ahtna is not appropriate

Ahtna argues that ASI breached at least two provisions of the agreement: a provision requiring it to perform work "with the care and skill ordinarily used by members of the trade or profession appropriate to the task, practicing under similar conditions using modern methods for the locality of the work" and a provision requiring ASI to "re-perform any services not meeting specifications and standards, without additional

---

[176] Docket 73.
[177] Docket 84.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 35 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 35 of 61

compensation."[178]  In Ahtna's view, ASI breached the first provision "by failing to adopt and follow reasonable specifications and precautions for the application of Slurry Seal in unsuitable weather, despite warnings from its subcontractor of the need to do so" and violated the second provision by refusing to reperform the defective work.[179]

ASI responds that the first provision requiring ASI perform work with care and skill ordinarily used in the trade cannot modify or add terms to the contract and therefore, cannot support a claim that ASI had a contractual duty to adopt and follow specifications and precautions for the application of slurry seal in unsuitable weather.[180] ASI does not appear to address the alleged breach of the provision requiring reperformance.

As the movant, Ahtna bears the initial burden and must establish an absence of a genuine issue of material fact by either citing the record or showing "that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[181]  Then, it must show that judgment as a matter of law is warranted on the basis of the undisputed facts.[182]  Ahtna has not carried that burden here.

With respect to the first provision Ahtna claims ASI breached, Ahtna has not established that failing to adopt and follow reasonable specifications and precautions for the application of slurry seal in unsuitable weather would have breached the provision

---

[178] Docket 73 at 17 (quoting Docket 73-6 at 2).
[179] *Id.*
[180] Docket 84 at 17–18.
[181] Fed. R. Civ. P. 56(c)(1).
[182] Fed. R. Civ. P. 56(a).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*      Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                      Page 36 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 36 of 61

requiring ASI to perform work "with the care and skill ordinarily used by members of the trade or profession . . . ." Its motion does not cite to any evidence in the record that allows the Court to conclude that care and skill ordinarily used by members of the profession required ASI to adopt specifications or weather precautions. In its reply, Ahtna suggests that ASI's expert concludes that it is industry practice to follow certain specifications in applying slurry seal in suitable weather.[183] But a district court need not consider arguments first raised in a reply.[184] And, regardless, Ahtna's citation to ASI's expert's report is insufficient to establish the industry standard. ASI's expert, Mr. Duval, does not purport to offer an opinion on the industry standard.[185] Rather, he examined the cape and chip seal at Fort Hunter Liggett and offered opinions on the performance of these treatments and the parties' contract.[186]

With respect to the second provision Ahtna claims ASI breached, there is a genuine dispute of material fact that precludes summary judgment. Ahtna asserts that ASI did not reperform work that was rejected, but the facts do not support that straightforward narrative. Although ASI does not directly respond to this argument, the Court must conduct an independent review of the record to determine whether the motion and supporting materials entitled Ahtna to summary judgment.[187]

---

[183] Docket 92 at 5 (citing Docket 75-25 at 33–38).
[184] *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).
[185] *See* Docket 75-25 at 1, 40–42.
[186] *Id.* at 40–42.
[187] *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); Fed. R. Civ. P. 56(e)(3).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions Page 37 of 61
Case 3:21-cv-00228-JMK Document 96 Filed 02/07/24 Page 37 of 61

The record shows that ASI made efforts to cure deficiencies raised by Ahtna prior to Ahtna's termination of the Subcontract on September 29, 2021. When Ahtna initially identified deficiencies in a punch list in early 2021, ASI proposed a plan to address the issues, which was delayed due to weather concerns.[188] Furthermore, ASI proposed a remediation plan but Ahtna rejected the plan and terminated of the contract.[189] Therefore, the record does not reflect Ahtna's straightforward assertion that "[ASI] refused to do what was needed to address the problem" and thus breached the contract.[190] Additionally, there is at least a dispute as to whether ASI was prevented from meeting its contractual obligations when Ahtna terminated the contract on September 29, 2021. Summary judgment with respect to the breach of contract claim is not warranted on the motion and record before the Court.

### 2. Summary judgment on Ahtna's implied covenant of good faith and fair dealing is not warranted

Next, Ahtna seeks summary judgment on its claim that ASI violated the implied covenant of good faith and fair dealing. Ahtna asserts that ASI intentionally disregarded the standard of care required by the Subcontract and violated the covenant of good faith and fair dealing.[191]

ASI disputes the evidence on which Ahtna relies to show that ASI treated Ahtna in a manner that a reasonable person would regard as unfair.[192]

---

[188] Docket 75-2 at 48–51.
[189] Docket 73-15.
[190] Docket 73 at 14.
[191] *Id.* at 24.
[192] Docket 84 at 19–21.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*  Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                    Page 38 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 38 of 61

Under Alaska law, "[t]he covenant of good faith and fair dealing is implied in every contract in order to effectuate the reasonable expectations of the parties to the agreement . . . ."[193] "The covenant includes subjective and objective elements, both of which must be satisfied."[194] "The subjective element prohibits one party from acting to deprive the other of the benefit of the contract."[195] "The objective element requires each party to act in a manner that a reasonable person would regard as fair."[196]

Here, Ahtna argues that there is no dispute of fact that a reasonable person would regard ASI's actions with respect to the contract as unfair because ASI was warned it should follow reasonable precautions with respect to the weather when placing the slurry, did not take such precautions, and failed to take corrective action after the slurry failed due to ASI's failure to exercise care when placing the slurry.[197] For its part, ASI insists that it and others advised Ahtna that cold weather could be an issue, but Ahtna chose to proceed with slurry application.[198] Furthermore, it argues that it sought to take corrective steps after Ahtna identified issues with the slurry.[199]

Summary judgment is not warranted. The facts Ahtna claims indicate that ASI did not act in a way a reasonable person would regard as fair are disputed. Specifically, the record contains evidence that ASI and others warned Ahtna about cold weather at

---

[193] *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997).
[194] *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 992 (Alaska 2009).
[195] *Id.* (internal quotations and citations omitted).
[196] *Id.* (internal quotations and citations omitted).
[197] Docket 73 at 24.
[198] Docket 84 at 20–21.
[199] *Id.* at 21.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                    Page 39 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 39 of 61

several points and that Ahtna chose to proceed with the project.[200]  Furthermore, there is evidence that ASI sought to correct issues in the slurry application.[201]  As such, a reasonable person could conclude that ASI acted fairly under the circumstances and a factfinder must determine whether Ahtna has met the objective element of its claim of breach of the covenant of good faith and fair dealing.

### 3.  Disputes of material fact exists as to Ahtna's UTPCPA claim

Ahtna seeks summary judgment on its UTPCPA claim.  It asserts that ASI violated the UTPCPA because it "misled [Ahtna] into believing that it would be delivering a professionally competent work product, all the while knowing there was a substantial probability it would not do so."[202]  Specifically, Ahtna contends that ASI promised to execute the Subcontract, which included applying slurry seal, even though it had no intention of taking the weather precautions necessary to ensure the product performed.[203]

ASI responds that Ahtna has not established that ASI made false representations or that it could be deceived, misled, or confused about ASI's placement of slurry seal given the warnings it received about the weather.[204]  Indeed, in ASI's view,

---

[200]  *See* Docket 75-2 at 8 (conversations about the impact of the weather between Ahtna and Buck Neu of ASI in August and September 2020, prior to the execution of the contract); *id.* at 42 (Mr. Lowe and Mr. Neu discussed the possibility that cold weather could affect the slurry seal); Docket 75-13 at 5–6 (Mr. Lowe was specifically told that the weather was unsuitable but he insisted that the project be completed by December 30).

[201]  *See* Docket 75-2 at 50 (work plan in response to punch list); Docket 73-15 (ASI's August 2021 remediation plan).

[202]  Docket 73 at 26.

[203]  *Id.* at 24–26.

[204]  Docket 84 at 21–23.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*    Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc. et al.*
Order Regarding Pending Motions                                                    Page 40 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 40 of 61

Ahtna insisted on an ill-advised timeline for performance of the Subcontract despite its awareness that cold weather posed a risk.[205]

The Alaska UTPCPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce . . . ."[206] The Act defines unfair methods of competition and unfair or deceptive acts or practices to include a number of acts, including "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another" and "engaging in any other conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer or a competitor in connection with the sale or advertisement of goods or services."[207]

To establish a prima facie case under the UTPCPA, a party must prove two elements: "(1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred."[208] "An act or practice is deceptive or unfair if it has the capacity or tendency to deceive."[209] "The plaintiff need not prove that the defendant intended to deceive; it is enough to show that the acts and practices were capable of being interpreted in a misleading way."[210]

---

[205] *Id.* at 22–24.
[206] Alaska Stat. § 45.50.471(a).
[207] Alaska Stat. § 45.50.471(b)(6) & (11).
[208] *State v. O'Neill Investigations, Inc.,* 609 P.2d 520, 534 (Alaska 1980).
[209] *Id.*
[210] *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1255 (Alaska 2007) (internal quotations and citations omitted).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                Page 41 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 41 of 61

Ahtna's UTPCPA claim cannot be decided on summary judgment. As discussed, there is a dispute as to whether Ahtna and its representatives were aware that the weather was an issue but chose to proceed with the project anyway.[211] As such, the undisputed facts fail to demonstrate that ASI represented that its services were of a particular standard that were not, nor that it engaged in conduct creating a likelihood of confusion or of misunderstanding.

### 4. Disputes of material fact preclude summary judgment against UFCC's performance bond

Ahtna next argues that it is entitled to judgment against the UFCC Bond guaranteeing ASI's performance of the Subcontract. It states that the terms of the Bond required UFCC to arrange for the completion of the work, hire another contractor to complete the project, or arrange for a new contract for the project's completion once Ahtna gave written notice of ASI's default and terminated the contract for ASI's failure to cure the default.[212] And it submits that UFCC breached the terms of the Bond when it did not take one of these actions and instead argued that Ahtna had wrongfully terminated the Subcontract.[213] ASI does not address these arguments directly.

Again, there is a material dispute of fact that precludes summary judgment as to this claim. Ahtna points to the language of the Subcontract and to evidence that shows

---

[211] *See* Docket 75-2 at 8 (conversations about the impact of the weather between Ahtna and Buck Neu of ASI in August and September 2020, prior to the execution of the contract); *id.* at 42 (Mr. Lowe and Mr. Neu discussed the possibility that cold weather could affect the slurry seal); Docket 75-13 at 5–6 (Mr. Lowe was specifically told that the weather was unsuitable but he insisted that the project be completed by December 30).

[212] Docket 73 at 26–27.

[213] *Id.* at 27–28.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*  Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                            Page 42 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 42 of 61

that ASI did not fulfill those obligations. But the record demonstrates that the story is more complicated. In its letter responding to Ahtna's notice of default, UFCC argued that Ahtna had not provided ASI an adequate opportunity to remedy its alleged default and noted its own conclusions that the slurry was performing as expected.[214] Furthermore, there is evidence in the record that ASI sought to remedy the default but Ahtna refused to accept its August 25, 2021, remediation plan.[215] Thus, there is a dispute of fact with respect to whether the performance bond was breached. Summary judgment is not warranted.

### 5. Summary judgment as to Ahtna's bad faith claim is not appropriate

In addition to its claim for judgment on the Bond, Ahtna asserts a tort claim against UFCC for bad faith. Ahtna argues that summary judgment on this claim is appropriate because UFCC did not meaningfully investigate Ahtna's claim on the Bond and denied Ahtna's claim.[216] In particular, Ahtna submits that UFCC knew that it could not credibly test the asphalt for the material composition at the time of paving and therefore could not meaningfully investigate whether the mix design complied with "applicable specifications" at the time of its placement.[217]

ASI contests this assertion, insisting that UFCC's consultant investigated the asphalt issues in good faith, had at its disposal samples taken by Ahtna's consultant, APART, and ultimately concluded that the materials were performing as intended.[218] ASI

---

214 *See* Docket 75-22 at 12–14.
215 Docket 73-16.
216 Docket 73 at 29.
217 *Id.* (citing Docket 73-14).
218 Docket 84 at 25–26.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;* Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions Page 43 of 61
Case 3:21-cv-00228-JMK Document 96 Filed 02/07/24 Page 43 of 61

underscores that the only specification in the Subcontract for to provide Type II slurry.[219]

Finally, ASI asserts that the parties disagreed with respect to whether the materials had met the specifications provided in the Subcontract.[220]

"[A]n implied covenant of good faith and fair dealing exists between a surety and its obligee on payment and performance bonds in the construction context."[221]   A surety may satisfy this duty "by acting reasonably in response to a claim by its obligee, and by acting promptly to remedy or perform the principal's duties where default is clear."[222] For example, "failure by a surety minimally to investigate its principal's alleged default may constitute bad faith if that investigation would confirm the obligee's allegations in material part."[223]

Summary judgment is not appropriate for Ahtna's bad faith claim.  There is a factual dispute as to whether UFCC minimally investigated.  Evidence shows that UFCC hired two firms to investigate the claim, conducted a site investigation, and made observations regarding the performance of the slurry seal.[224]  Notwithstanding UFCC's alleged failure to conduct a reliable test of the asphalt's material composition, there is a question of fact as to whether the surety minimally investigated the default claim.

---

[219] *Id.* at 26.
[220] *Id.* at 26–27.
[221] *O'Connor v. Star Ins. Co.*, 83 P.3d 1, 4 (Alaska 2003) (internal citation and quotation marks omitted).
[222] *Id.*
[223] *Loyal Ord. of Moose, Lodge 1392 v. Int'l Fid. Ins. Co.*, 797 P.2d 622, 628 (Alaska 1990).
[224] *See* Docket 75-22 at 3–4, 12–14; *see also* Docket 75-23 at 1.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                            Page 44 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 44 of 61

Furthermore, Ahtna has not shown that further investigation would have confirmed Ahtna's allegation that ASI was in default. An investigation into the mix design ASI used in the slurry seal would not have confirmed that ASI was in default of the Subcontract because no mix design was specified in the Subcontract.[225] Perhaps an investigation into the mix design could have shown that ASI did not act in accordance with standards of the trade as required by the Subcontract. But, as discussed, Ahtna has not produced any evidence that the Court can rely on to determine what the standards of the trade are. Thus, even if UFCC failed to minimally investigate, Ahtna has not demonstrated that "investigation would [have] confirm[ed] the obligee's allegations in material part."[226]

### 6. Summary judgment on damages is not warranted

Ahtna argues that summary judgment declaring the amount of damages is warranted because damages are calculable as the cost of completion or repair.[227] It contends that the figures its expert used are based on "hard data," such as the invoices Ahtna paid for reperformance of ASI's allegedly defective work.[228] ASI responds that damages are disputed as its retained expert has submitted conflicting reports that indicates that Ahtna owes ASI damages.[229]

Generally, "the cost of completion or repair is the preferred measure for calculating damages when a building contractor breaches a construction contract by

---

[225] *See* Docket 73-6; *see also* Docket 73-18 at ¶ 24.
[226] *Loyal Ord. of Moose, Lodge 1392*, 797 P.2d at 628.
[227] Docket 73 at 30–31.
[228] *Id.* at 31–32.
[229] Docket 84 at 27–28; *see also* Docket 84-12 (Joseph Seder's expert report); Docket 84-13 (Mr. Seder's rebuttal report).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*      Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                    Page 45 of 61

incomplete or defective performance."[230]    However, Ahtna has not established the preliminary matter—that there was incomplete or defective performance of the Subcontract.  Therefore, the Court cannot assume the measure of damages traditionally applied where a contractor breaches a construction contract is the correct method of calculating damages in this case.  Furthermore, even assuming this measure of damages applied, there is a material dispute of fact as to the figures Ahtna's expert, Jeffrey Lounsberry, uses to calculate damages.[231]

### 7.    Summary judgment dismissing ASI's counterclaims is not appropriate

Finally, Ahtna seeks summary judgment as to all of ASI's counterclaims.  In conclusory terms and without identifying ASI's counterclaims, it asserts that "the legal theories pleaded in ASI's Complaint are untenable and unsupported by the undisputed facts."[232]  This sparse showing fails to carry Ahtna's burden on summary judgment with respect to ASI's counterclaims.

### F.    Ahtna's Motion for Partial Summary Judgment at Docket 74

In a second motion, Ahtna moves for summary judgment dismissing ASI's UTPCPA claim as alleged in ASI's lodged First Amended Complaint.[233]

---

[230] *Advanced, Inc. v. Wilks*, 711 P.2d 524, 526 (Alaska 1985).
[231] *See* Docket 84-13 at 4–8.
[232] Docket 73 at 32–33.
[233] *See* Docket 69-4.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*        Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                           Page 46 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 46 of 61

## 1.    The UTPCPA applies to commercial disputes

Ahtna first argues that ASI may not maintain a UTPCPA claim because the Act does not apply to claims unrelated to the act of purchasing a good or service.[234]  ASI responds that the Act applies to commercial transactions as well as consumer transactions.[235]

As discussed, the UTPCPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce . . . ."[236]  The Act "may apply in the business-to-business context."[237]  In *Western Star Trucks, Inc. v. Big Iron Equipment Service, Inc.*, the Alaska Supreme Court held that the language of UTPCPA demonstrates that it "was not intended to be limited to consumer transactions" and applied the statute to a transaction between a commercial vehicle manufacturer and a potential dealer.[238]  Since the Alaska Supreme Court's decision in *Western Star Trucks*, Alaska courts have applied the UTPCPA in commercial contract disputes, including in the construction context.[239]  Moreover, the Alaska Supreme Court has advocated for a "flexible, case-specific approach" in UTPCPA cases.[240]

---

[234]  Docket 74 at 4–7.
[235]  Docket 85 at 5–8.
[236]  Alaska Stat. § 45.50.471(a).
[237]  *ASRC Energy Servs. Power & Commc'ns, LLC v. Golden Valley Elec. Ass'n, Inc.*, 267 P.3d 1151, 1163 (Alaska 2011) (citing *Western Star Trucks, Inc. v. Big Iron Equipment Service, Inc.*, 101 P.3d 1047, 1053–54 (Alaska 2004)).
[238]  *Western Star Trucks, Inc.*, 101 P.3d at 1049–52.
[239]  *See ASRC Energy Servs. Power & Commc'ns, LLC*, 267 P.3d at 1154.
[240]  *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1256 (Alaska 2007).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*    Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                    Page 47 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 47 of 61

ASI asserts a UTPCPA claim premised on Ahtna's alleged conduct in the course of the parties' dispute concerning the performance of the Subcontract, including its communications with the United States and its conduct in litigation related to the Subcontract.[241]  ASI's claim fits within the scope of the UTPCPA because ASI's claim is based on acts or practices in the conduct of a commercial transaction.  Although communications with a third-party and the initiation and maintenance of a lawsuit are not themselves part of the parties' commercial transaction, these acts are sufficiently related to the commercial contract such that they may be considered acts or practices in the conduct thereof.

### 2. Summary judgment dismissing ASI's UTPCPA is appropriate as ASI fails to adduce evidence of an ascertainable loss

Alternatively, Ahtna argues that ASI's UTPCPA claim fails on the merits.[242]  Among other things, Ahtna argues that "as a threshold matter, ASI lacks standing to pursue a claim based on [Ahtna's] relationship with a third party" because it did not demonstrate that it suffered an ascertainable loss of money or property due to Ahtna's alleged failure to provide information to the United States.[243]  ASI asserts that it properly alleged violations of the UTPCPA because Ahtna disparaged ASI to the United States.[244]  However, it cites to its First Amended Complaint for support.[245]

---

241 *See* Docket 69-4 at 28–31.
242 Docket 74 at 7–9.
243 *Id.* at 8.
244 Docket 85 at 13–14.
245 *Id.* (citing Docket 69-4 at 31).

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                              Page 48 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 48 of 61

ASI's UTPCA claim alleges that Ahtna engaged in two acts that are unfair or deceptive within the meaning of the Act: first, that it concealed the results of July 2021 testing of the asphalt from Forth Hunter Liggett and, second, that Ahtna concealed from the United States that it had been warned on multiple occasions that weather conditions were unsuitable for the planned construction activities.[246]

A party seeking damages under the UTPCPA must "suffer[] an ascertainable loss of money or property as a result of" an allegedly unfair or deceptive act.[247] While ASI contends that it suffered a loss because Ahtna disparaged its services, it has not adduced any evidence that demonstrates such a loss. Instead, it cites to allegations in its First Amended Complaint. But a party cannot "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."[248] Accordingly, summary judgment dismissing ASI's UTPCPA claim is warranted. Ahtna's *Motion for Summary Judgment* is **GRANTED** and its UTPCPA claim is **DISMISSED**.

## G.    ASI's Motion for Summary Judgment

ASI moves for partial summary judgment dismissing several of Ahtna's claims, namely Counts I, II, III, IV, and V, except for the claims related to Section IV of the Subcontract.[249] ASI also seeks summary judgment on Ahtna's proposed amended complaint.[250]

---

246  Docket 69-4 at 28–29.
247  Alaska Stat. § 45.50.531(a).
248  *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).
249  Docket 75 at 2–3.
250  *Id.* at 3.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc. v. et al.*
Order Regarding Pending Motions                                                        Page 49 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 49 of 61

As explained below, ASI's *Motion for Summary Judgment* is **GRANTED IN PART AND DENIED IN PART**.

### 1. Partial summary judgment is warranted to narrow Ahtna's breach of contract claim (Count I)

ASI seeks summary judgment partially dismissing Ahtna's breach of contract claim (Count I).[251] It argues that the Subcontract between the parties included an integration clause that limited the contract to its written terms, that the written terms did not include Caltrans or other technical specifications, and that Ahtna's breach of contract claim should be dismissed insofar as it is based on ASI's alleged failure to comply with the specifications in the Subcontract.[252] In opposition, Ahtna asserts that Section 4 of the Subcontract required ASI to follow specifications because it required it perform its services under the standard of care ordinarily used by members of the industry.[253]

Partial summary judgment is warranted. Ahtna may not assert a claim for breach of the Subcontract on the theory that ASI failed to comply with written specifications in the parties' agreement.

There is no genuine dispute of fact that the Subcontract did not include a term mandating adherence to Caltrans or other specifications. The Subcontract does not include any written terms that expressly state specifications are to be followed.[254] And the

---

[251] *Id.* at 21–26.
[252] *Id.*
[253] Docket 87 at 6–11.
[254] *See* Docket 73-6.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 50 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 50 of 61

government Statements of Work, which were incorporated in the prime contract between Ahtna and the United States, were not made part of the Subcontract.[255]

Additionally, no prior agreement that included specifications may be implied as part of the Subcontract. Federal courts sitting in diversity, as this Court does here, apply state substantive law, including the law of contracts.[256] Under Alaska law, courts interpret contracts to "give effect to the reasonable expectations of the parties."[257] "When a written statement sets out the terms of an agreement between contracting parties, the parol evidence rule generally precludes the parties from using evidence of prior agreements to contradict the written terms."[258] However, "[b]efore the parol evidence rule can be applied, three preliminary determinations must be made: (1) whether the contract is integrated, (2) what the contract means, and (3) whether the prior agreement conflicts with the integrated agreement."[259] "An integrated agreement is an agreement which is 'adopted by the parties as a complete and exclusive statement of the terms of the agreement.'"[260]

Here, the parol evidence rule applies and prohibits the Court's consideration of prior agreements. The Subcontract is the integrated agreement of the parties. By its terms, it specifies that it is the complete and exclusive statement of the parties.[261] It

---

[255] *See id.*; *see also* Docket 73-18 at ¶ 24.

[256] *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 428 (1996).

[257] *Mitford v. de Lasala,* 666 P.2d 1000, 1005 (Alaska 1983).

[258] *Froines v. Valdez Fisheries Dev. Ass'n, Inc.*, 75 P.3d 83, 86 (Alaska 2003). The Court assumes Alaska law applies to the Subcontract because the parties' briefing cites Alaska law.

[259] *Alaska Diversified Contractors, Inc. v. Lower Kuskokwim Sch. Dist.*, 778 P.2d 581, 583 (Alaska 1989).

[260] *Lower Kuskokwim Sch. Dist. v. Alaska Diversified Contractors, Inc.*, 734 P.2d 62, 63 (Alaska 1987) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 210(1) (1981)).

[261] Docket 73-6 at 11.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*    Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 51 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 51 of 61

includes an integration clause, which states that the agreement "represents the entire agreement between the Contractor and the Subcontractor and supersedes any prior written or oral representations."[262] Furthermore, it is complete and specific; it contains detailed provisions, incorporates exhibits, and includes a term identifying the provisions of the prime contract "flow down" and apply to the Subcontract.[263] Next, the Subcontract does not include technical specifications.[264] Therefore, extrinsic evidence that the parties agreed the specifications in the government Statements of Work in the prime contract between Ahtna and the United States conflicts with the absence of such terms in written Subcontract.[265] Accordingly, the parol evidence rule bars evidence of the alleged prior agreement between the parties that included technical specifications. The Subcontract cannot be interpreted to include express specifications. A breach of contract claim based on the inclusion of express specifications necessarily fails.

Furthermore, Ahtna may not proceed on the theory that Section 4 of the Subcontract, the "standard of care clause," might have required ASI to adopt or follow certain specifications. As the Court will discuss, there is no dispute that the issues with the slurry seal's softness were the result of the material's application in cold weather.

---

[262] *Id.*

[263] *See generally id.*; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 209(3) (1981) ("Where the parties reduce an agreement to a writing which in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression.").

[264] *See generally* Docket 73-6.

[265] *See Froines*, 75 P.3d at 86–87 (quoting Alaska Stat. § 45.02.202(2)) ("The parol evidence rule forbids contradiction of partially integrated terms but allows them to be 'explained or supplemented . . . by evidence of consistent additional terms.'").

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                             Page 52 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 52 of 61

Accordingly, there is no causal connection between any specifications that Section 4 may have required ASI to adopt and the defects in the slurry seal.

Summary judgment narrowing the permissible theory on which Ahtna may assert a breach of contract claim is warranted. Ahtna may not assert a breach of contract claim that is based on ASI's alleged failure to follow specifications in mixing the slurry seal.

### 2. The Court declines to address ASI's argument with respect to Ahtna's now-amended UTPCPA claim (Count V)

Second, ASI moves for summary judgment dismissing Ahtna's UTPCPA claim (Count V).[266] ASI argues that Ahtna cannot establish an essential element of its claim—that ASI represented that the materials it used complied with specifications in the Subcontract.[267] However, Ahtna's First Amended Complaint, lodged at Docket 53-3, alleges a substantially different claim under the UTPCPA and no longer includes a claim based on representations related to the materials ASI used.[268] Instead, Ahtna's amended claim concerns the weather conditions under which ASI placed slurry seal.[269] Given the difference between the claim on which ASI seeks summary judgment and the amended claim, the Court will not address ASI's summary judgment argument.

---

[266] Docket 75 at 26.
[267] *Id.* at 26–27.
[268] *See* Docket 53-3 at 12–14.
[269] *Id.*

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 53 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 53 of 61

3. **There is no dispute that applying the slurry seal in unsuitable weather caused the alleged defects**

ASI argues that the Court should find that there is no material issue of fact regarding the cause of the soft cape and slurry seals and that this issue was due to placement in cold weather.[270]  Ahtna does not directly respond.

ASI contends that there is no material dispute of fact as to the cause of the defects in the cape seal and slurry seal and cites to its expert's report.[271]  Although Ahtna does not directly respond, the Court must independently review the record to determine whether it supports ASI's argument for summary judgment.[272]  The Court reviewed the report compiled by Ahtna's expert, Dr. Shatnawi.[273]  His report notes that ASI's failure to follow a mix design before placing the slurry seal created a high risk of failure.[274]  Dr. Shatnawi then discusses how placing the surface treatments in unsuitable weather conditions may lead to the instability of the asphalt emulsion and its separation.[275]  And he concludes that "[t]he consequences of ASI's failure to exercise due care when applying cape seal in the winter months resulted in the aforementioned premature stress."[276]

Dr. Shatnawi agrees that the application of the slurry seal in cold weather was a cause of the soft slurry seal.  And while his report discusses the mix design, he never

---

[270] Docket 75 at 30.
[271] *Id.* at 29.
[272] *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); Fed. R. Civ. P. 56(e)(3).
[273] *See* Docket 73-3.
[274] *Id.* at 12.
[275] *Id.* at 12–13.
[276] *Id.* at 14.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                     Page 54 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 54 of 61

draws the conclusion that ASI's alleged lack of adherence to a mix design was the cause of the slurry seal softness. Therefore, there is no dispute of fact that the cause of the slurry seal defects was its placement during cold weather. Ahtna's breach of contract claim is narrowed as discussed above.

4. **Summary judgment dismissing Ahtna's breach of contract claim as a whole is not appropriate**

ASI also moves for summary judgment dismissing the breach of contract claim insofar as it is premised on a theory that the Subcontract was breached because ASI placed the slurry in cold weather.[277] It requests that the Court find that Ahtna had the contractual responsibility to determine the suitability of the weather and that ASI repeatedly warned Ahtna that cold weather was an issue during the period of performance.[278]

Ahtna responds that the record does not contain evidence that proceeding with the work would result in uncured slurry seal and that no language in the Subcontract placed the responsibility for determining the suitability the weather on Ahtna.[279]

Summary judgment is not warranted as to Ahtna's breach of contract claim on this theory. The record shows that there were temperature requirements for the placement of slurry seal in the Statements of Work incorporated as part of the prime contract between Ahtna and the United States.[280] By contrast, the Subcontract does not

---

[277] Docket 75 at 29–31.
[278] *Id.* at 30.
[279] Docket 87 at 11–12.
[280] *See, e.g.,* Docket 73-2 at 21–22.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*      Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                    Page 55 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 55 of 61

contain temperature requirements for the placement of slurry seal and no terms of the Subcontract designate one party responsible for ensuring suitable weather conditions exist during placement of slurry seal.[281]

Ahtna's breach of contract claim is for breach of the Subcontract, not the prime contract. That Ahtna was required under the prime contract to ensure placement at appropriate temperatures does not demonstrate that Ahtna was responsible under the Subcontract for ensuring the placement of slurry seal under suitable temperature conditions.

However, Ahtna may proceed on the theory that Section 4 of the Subcontract, the "standard of care clause," might have required ASI to place the slurry seal under certain weather conditions. Section 4 of the Subcontract requires that ASI perform services under the standard of care ordinarily used by members of the industry. Neither party has provided evidence to substantiate the standard of care used by members of the industry. Summary judgment dismissing Ahtna's breach of contract claim as a whole is not warranted as ASI has not demonstrated there is an absence of material fact concerning the standard of care.

**5.    A dispute of fact exists as to Ahtna's claim for breach of the implied covenant of good faith and fair dealing (Count II)**

ASI seeks summary judgment on Ahtna's claim that it violated its duty of good faith and fair dealing. Ahtna does not directly respond. Ahtna's First Amended

---

[281] *See* Docket 73-2.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*    Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                          Page 56 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 56 of 61

Complaint asserts that ASI violated this duty in part because it refused to correct the allegedly defective work it performed.[282]

The covenant of good faith and fair dealing is implied in all contracts in Alaska.[283] "The covenant requires that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."[284] "A party must act in subjective good faith, meaning that it cannot act to deprive the other party of the explicit benefits of the contract, and in objective good faith, which consists of acting in a manner that a reasonable person would regard as fair."[285]

ASI asserts that there is no dispute that Ahtna's May 24, 2021, letter demanding that ASI remove and replace the material was based on erroneous conclusions, that ASI offered to do so based on a change order, and reaffirmed its commitment to address punch list items, at no cost to Ahtna.[286] In view of these facts, it argues, ASI did not cause Ahtna to be deprived of any benefit of the Subcontract by seeking owed compensation before fulfilling the punch list items.[287]

Summary judgment is not warranted here. ASI has not carried their burden to show there is no dispute of fact and that it is entitled to judgment as a matter of law. Its discussion does not make clear, with citations to materials in the record and legal authority,

---

[282] Docket 53-3 at 10–11.
[283] *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014).
[284] *Jackson v. Am. Equity Ins. Co.,* 90 P.3d 136, 142 (Alaska 2004) (quoting *Guin v. Ha,* 591 P.2d 1281,1291 (Alaska 1979)).
[285] *Casey v. Semco Energy, Inc.*, 92 P.3d 379, 384 (Alaska 2004).
[286] Docket 75 at 31.
[287] *Id.* at 31–32.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 57 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 57 of 61

that it was entitled to seek payment before remediating the alleged slurry issues. And the Court declines to search the record and applicable law for the materials necessary to decide an inadequately briefed claim.[288] Consequently, the Court cannot grant summary judgment on Ahtna's claim for breach of the covenant of good faith and fair dealing.

### 6. Summary judgment is not appropriate as to either of Ahtna's claims related to the performance bond (Counts III and IV)

Finally, ASI argues that Ahtna's claim against the UFCC performance bond and its claim for bond bad faith should be dismissed because the undisputed facts show that Ahtna refused to allow ASI or UFCC to remediate the work as provided for in the bond agreement, unilaterally contracted with another contractor without notifying UFCC, and deprived the surety of an opportunity to minimize its liability.[289]

*First*, ASI contends that dismissal of Ahtna's claim against the performance bond is warranted because UFCC properly denied the claim on the bond after Ahtna unilaterally breached the terms of the bond.[290] UFCC maintained that the bond was null and void after Ahtna failed to provide UFCC with its contractually-guaranteed opportunity to minimize its liability.[291] Ahtna does not reply directly, but its prior motion for summary judgment makes clear that it believes that UFCC breached the terms of the bond by failing to arrange for the completion of the work, hire another contractor to complete the project,

---

[288] *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).
[289] Docket 75 at 34–37.
[290] *Id.* at 36–37.
[291] *Id.*

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*    Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                    Page 58 of 61
Case 3:21-cv-00228-JMK    Document 96    Filed 02/07/24    Page 58 of 61

or arrange for a new contract for the project's completion once Ahtna gave written notice of ASI's default and terminated the contract.[292]

UFCC's Bond Number 54-197228 provides that, in the event of notice that the principal is considering default, the surety—here, UFCC—may arrange to perform and complete the contract itself (section 5.1), perform and complete the contract through agents or independent contractors (section 5.2), or obtain bids or proposals from qualified contractors to do the same (section 5.3).[293]

UFCC ultimately denied the bond claim in part because, in its view, Ahtna had not allowed UFCC an opportunity to complete the contract under the Section 5.1 of the bond and thus had unilaterally breached the bond agreement.[294]  It also concluded that the slurry was performing as expected and denied the bond claim in part on that basis.[295]

Following Ahtna's May 12, 2021, notice of its intent to declare ASI in default and terminate the Subcontract, Ahtna did not provide UFCC or ASI an opportunity to complete the contract under Section 5.1 of the bond agreement.[296]  When ASI proposed a remediation plan to address the issues with the slurry on August 25, 2021, the record reflects that Ahtna did not respond and instead terminated the Subcontract on September 29, 2021.[297]

---

[292] Docket 73 at 26–28.
[293] Docket 75-28 at 2.
[294] Docket 75-22 at 13.
[295] *Id.*
[296] Docket 73-12.
[297] Docket 73-15; Docket 73-16.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*      Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                                 Page 59 of 61
Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 59 of 61

However, in its summary judgment motion, it cites no legal authority in support of its assertion that Ahtna's unilateral breach of the bond rendered it void. As the movant, ASI bears the burden of establishing there is no genuine dispute of fact and it is entitled to judgment as a matter of law.[298] ASI has not done so here.

*Second*, ASI argues that Ahtna's claim for bond bad faith should be dismissed, but it fails to specify what grounds justify dismissal.[299] The Court declines to surmise the basis for ASI's request. Summary judgment dismissing the bad faith bond claim is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Ahtna's *Motion to Amend* at Docket 53 is **GRANTED**.

2.      ASI's *Motion to Amend* at Docket 69 is **GRANTED IN PART AND DENIED IN PART**.

3.      ASI's *Motion in Limine to Strike the Affidavit of Randy Rogers* at Docket 86 is **GRANTED IN PART AND DENIED IN PART**.

4.      Ahtna's *Motion in Limine to Exclude the Rebuttal Report of Mr. Duval* at Docket 72 is **DENIED**.

5.      Ahtna's *Motion for Summary Judgment* at Docket 73 is **DENIED**.

---

[298] Fed. R. Civ. P. 56(a).
[299] Docket 75 at 34–37.

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*      Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                                                              Page 60 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 60 of 61

6.       Ahtna's *Motion for Partial Summary Judgment* at Docket 74 is **GRANTED**.

7.       ASI's *Motion for Partial Summary Judgment* at Docket 75 is **GRANTED IN PART AND DENIED IN PART**.

IT IS SO ORDERED this 7th day of February, 2024, at Anchorage, Alaska.

/s/ Joshua M. Kindred
_____
JOSHUA M. KINDRED
United States District Judge

*Ahtna Design-Build, Inc. v. Asphalt Surfacing, Inc., et al.;*     Case Nos. 3:21-cv-00228-JMK, 3:22-cv-00219-JMK
*United States for the Use of Asphalt Surfacing, Inc. v. Ahtna Design-Build, Inc., et al.*
Order Regarding Pending Motions                            Page 61 of 61

Case 3:21-cv-00228-JMK   Document 96   Filed 02/07/24   Page 61 of 61