# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AHTNA BUILD-DESIGN, INC., an Alaska corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>ASPHALT SURFACING, INC., a California corporation, and UNITED FIRE & CASUALTY COMPANY, Bond No. 54-197210,<br><br>   Defendants. | Case No. 3:21-cv-00228-SLG<br><br>CONSOLIDATED<br><br>LEAD CASE |
| UNITED STATES OF AMERICA FOR THE USE OF ASPHALT SURFACING, INC., a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>AHTNA BUILD-DESIGN, INC., an Alaska corporation, and GREAT AMERICAN INSURANCE GROUP,<br><br>   Defendants. | Case No. 3:22-cv-00219-SLG |

## ORDER RE MOTION TO STRIKE

Before the Court at Docket 100 is Defendant Asphalt Surfacing, Inc.'s ("ASI") Motion to Strike. Ahtna Design-Build, Inc. ("Ahtna") responded in opposition at Docket 102, to which ASI replied at Docket 105. Oral argument was not requested and was not necessary to the Court's decision.

ASI moves to strike paragraphs 21, 22, 23, 46, 47, and 54 of Ahtna's Amended Complaint at Docket 98. ASI contends that these paragraphs assert a theory of breach of express specifications in the parties' contract that the Court foreclosed on summary judgment.[1] Ahtna acknowledges that the Court foreclosed its claim of breach of contract based on the alleged failure of ASI to comply with written specifications and disclaims any intent to pursue a claim on this theory.[2] However, Ahtna asserts that ASI's motion is procedurally improper, creates unnecessary work, and seeks to strike paragraphs that include allegations related to a theory the Court allowed to proceed under Section 4 of the Subcontract.[3]

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is to avoid unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial.[4] "'Immaterial' matter is that which has no essential or important relationship to the claim for relief . . . ."[5] "'Impertinent' matter consists of statements that do not

---

[1] Docket 100 at 4–6.

[2] Docket 102 at 4.

[3] Docket 102 at 4–6.

[4] *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[5] *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1382 (3d ed.)).

Case No. 3:21-cv-00228-SLG, *Ahtna Build-Design v. Asphalt Resurfacing, Inc. et al.*
Case No. 3:22-cv-000219-SLG, *US ex rel. Asphalt Resurfacing, Inc. v. Ahtna Build-Design et al.*
Order re Motion to Strike
Page 2 of 5

Case 3:21-cv-00228-SLG    Document 107    Filed 08/21/24    Page 2 of 5

pertain, and are not necessary, to the issues in question."[6] "Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties."[7]

In its Order Regarding Pending Motions at Docket 106, the Court addressed the parties' motions to amend, their cross-motions for summary judgment, and several motions *in limine*. In the order, the Court granted in part ASI's motion for partial summary judgment and concluded that "Ahtna may not assert a claim for breach of the Subcontract on the theory that ASI failed to comply with written specifications in the parties' agreement."[8] The Court further concluded that "Ahtna may not proceed on the theory that Section 4 of the Subcontract, the 'standard of care clause,' might have required ASI to adopt or follow certain specifications."[9] However, the Court declined to grant summary judgment to ASI on Ahtna's breach of contract as a whole.[10] Instead, it held that "Ahtna may proceed on the theory that Section 4 of the Subcontract, the 'standard of care

---

[6] *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1382 (3d ed.)).

[7] *Tran v. Smith*, Case No. 1:19-cv-00148-DAD-SAB (PC), 2021 WL 2142622, at *2 (E.D. Calif. May 26, 2021).

[8] Docket 96 at 50–53.

[9] Docket 96 at 52.

[10] Docket 96 at 55–56.

Case No. 3:21-cv-00228-SLG, *Ahtna Build-Design v. Asphalt Resurfacing, Inc. et al.*
Case No. 3:22-cv-000219-SLG, *US ex rel. Asphalt Resurfacing, Inc. v. Ahtna Build-Design et al.*
Order re Motion to Strike
Page 3 of 5
Case 3:21-cv-00228-SLG   Document 107   Filed 08/21/24   Page 3 of 5

clause,' might have required ASI to place the slurry seal under certain weather conditions."[11]

Paragraphs 21, 22, 23, and 46 of Ahtna's First Amended Complaint are immaterial to the Ahtna's remaining claims. The parties appear to agree that paragraphs 21, 22, and 46 relate solely to the now-dismissed theory of breach of contract.[12] And although Ahtna maintains that paragraph 23 relates to its live breach of contract claim, this paragraph addresses ASI's failure to adopt specifications related to inclement weather. The Court distinguished between a breach of contract claim based on the failure to adopt specifications and a claim based on a failure to adhere to the standard of care usually used by members of the trade, dismissing the former but allowing the latter to proceed. Therefore, allegations that speak to ASI's purported failure to adopt specifications are precluded by the Court's order.

Like the other identified paragraphs, paragraphs 47 and 54 contains references to the now-dismissed theory of breach of contract. However, they also relate to live claims. In paragraph 47, Ahtna alleges that "[b]y failing to perform the work described in the Subcontract . . . according to the skill and care required, particularly when the work involve site conditions known by ASI to deleteriously

---

[11] Docket 96 at 55–56.

[12] Docket 102 at 5.

Case No. 3:21-cv-00228-SLG, *Ahtna Build-Design v. Asphalt Resurfacing, Inc. et al.*
Case No. 3:22-cv-000219-SLG, *US ex rel. Asphalt Resurfacing, Inc. v. Ahtna Build-Design et al.*
Order re Motion to Strike
Page 4 of 5
Case 3:21-cv-00228-SLG   Document 107   Filed 08/21/24   Page 4 of 5

affect the performance of the final product, ASI failed to perform according to its obligations under the subcontract."[13] And in paragraph 54, Ahtna alleges that "ASI violated its duty of good faith and faith dealing by . . . failing to perform according to suitable standards . . . ."[14] These paragraphs are immaterial insofar as they allege claims based on a failure to adopt specifications. But they cannot be wholly stricken as they contain allegations related to a live claim: breach of contract on "the theory that Section 4 of the Subcontract, the 'standard of care clause,' might have required ASI to place the slurry seal under certain weather conditions."[15]

ASI's motion is **GRANTED IN PART AND DENIED IN PART**. The Court **STRIKES** paragraphs 21, 22, 23, and 46 in whole and paragraphs 47 and 54 in part. Ahtna need not file a new complaint. However, these portions of Ahtna's Amended Complaint will no longer be considered part of the allegations before the Court.

DATED this 21st day of August, 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[13] Docket 98 at ¶ 47.

[14] Docket 98 at ¶ 54.

[15] Docket 96 at 55–56.

Case No. 3:21-cv-00228-SLG, *Ahtna Build-Design v. Asphalt Resurfacing, Inc. et al.*
Case No. 3:22-cv-000219-SLG, *US ex rel. Asphalt Resurfacing, Inc. v. Ahtna Build-Design et al.*
Order re Motion to Strike
Page 5 of 5

Case 3:21-cv-00228-SLG   Document 107   Filed 08/21/24   Page 5 of 5